## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH, <br><br> PLAINTIFF, <br><br> v. <br><br> TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS. <br><br> DEFENDANTS. | Civil No. |

## PETITION AT LAW AND DEMAND FOR TRIAL BY JURY

### INTRODUCTION

1.     This case arises from Tyson Foods's fraudulent misrepresentations, gross negligence, and incorrigible, willful and wanton disregard for worker safety at its pork processing facility in Waterloo, Iowa (the "Waterloo Facility").  Despite an uncontrolled COVID-19 outbreak, within its Waterloo Facility, Tyson forced its employees to work long hours in cramped conditions without taking basic protective measures, failed to provide appropriate personal protective equipment, and failed to implement sufficient social distancing or safety measures to protect workers from contracting and ultimately suffering from COVID-19.  Once the outbreak started, Tyson took tangible steps to conceal information about COVID-19 from its employees in the Waterloo Facility and purposely misled its employees about the dangers presented by COVID-19. Additionally, Tyson withheld critical safety information from employees to make sure its production lines flourished as the company's profits soared. As a result, Felicie Joseph, died of COVID-19, along with several other Tyson workers who perished, and more than 1,000 other

Tyson employees were infected with COVID-19 at the Waterloo Facility in March and April 2020.

**PARTIES**

*Plaintiffs*

2.      Plaintiff Ann K. Wilson is the duly appointed Administrator of the Estate of Felicie Joseph.

3.      At all relevant times, Felicie Joseph was an employee of Tyson Foods working in Department 714 at the Waterloo Facility. Ms. Joseph was exposed to and infected with COVID-19 at the Waterloo Facility and subsequently died on April 19, 2020 from complications of the COVID-19 virus.

4.      Plaintiff's claims for damages arise out her role as Administrator of the Estate of Felicie Joseph, for Felicie Joseph's injuries and death, and on behalf of all wrongful death beneficiaries, all of which arise out of Felicie Joseph's employment with Tyson Foods.

*Defendant Tyson Foods*

5.      Defendant Tyson Foods, Inc. is a multinational corporation, with its principal place of business in Springdale, Arkansas.

6.      Tyson Foods, Inc. is the largest meat processor in the United States.

7.      As a corporation, Tyson Foods, Inc. can act only through its agents, including its employees, officers, and directors, and the agents, employees, officers, and directors of its subsidiaries.

8.      Tyson Foods, Inc. is vicariously liable for its agents' acts and omissions within the course and scope of their agency.

9.      Defendant Tyson Fresh Meats, Inc. is a Delaware Corporation, with its principal place of business in Springdale, Arkansas.

10.      As a corporation, Tyson Fresh Meats can act only through its agents, including its

employees, officers, and directors.

11.      Tyson Fresh Meats is vicariously liable for its agents' acts and omissions within the course and scope of their agency.

12.      Tyson Fresh Meats is a wholly owned subsidiary of Tyson Foods, Inc. (collectively Tyson Inc. and Tyson Fresh Meats, Inc. are referenced herein as "Tyson Foods" or "Tyson").

13.      Hereinafter Tyson Foods, Inc. and its wholly owned subsidiary Tyson Fresh Meats, Inc. will be collectively referred to as "Tyson Foods" or "Tyson."

***Executive Defendants***

14.      At all relevant times, Defendant John H. Tyson is and was the Chairman of Tyson Foods, Inc.

15.      At all relevant times, Defendant Noel W. White is and was the Chief Executive Officer of Tyson Foods, Inc.

16.      At all relevant times, Defendant Dean Banks was the President of Tyson Foods, Inc.

17.      At all relevant times, Defendant Stephen R. Stouffer is and was the President of Tyson Fresh Meats, Inc.

18.      At all relevant times, Defendant Tom Brower is and was Senior Vice President of Health and Safety for Tyson Foods, Inc.

19.      At all relevant times, Defendant Doug White is and was Corporate Safety Manager of Tyson Fresh Meats, Inc.

20.      At all relevant times, Defendant Debra Adams is and was Associate Director of Occupational Health of Tyson Fresh Meats, Inc.

21.      Hereinafter John H. Tyson, Noel W. White, Dean Banks, Stephen R. Stouffer, Tom Brower, Doug White, and Debra Adams will be collectively referred to as the "Executive

Defendants."

22.     Each of the Executive Defendants were responsible for the health and safety of Tyson Foods employees at the Waterloo Facility.

***Supervisory Defendants***

23.     At all relevant times, Defendant Tom Hart was the plant manager of the Tyson Waterloo Facility.

24.     At all relevant times, Defendant James Hook was the human resources director of the Tyson Waterloo Facility.

25.     At all relevant times, Defendant Bret Tapken was the Safety Lead of the Tyson Waterloo Facility.

26.     At all relevant times, Defendants Cody Brustkern and John Casey held upper-level management positions at the Tyson Waterloo Facility.

27.     At all relevant times, Defendant Mary Jones was the Occupational Nurse Manager at the Waterloo Facility.

28.     Tom Hart, James Hook, Bret Tapken, Cody Brustkern, John Casey, and Mary Jones were each responsible for the health and safety of Tyson Foods employees at the Waterloo Facility.

29.     Hereinafter Tom Hart, James Hook, Bret Tapken, Cody Brustkern, John Casey, and Mary Jones will be collectively referred to as the "Supervisory Defendants."

JURISDICTION AND VENUE

30.     This Court has jurisdiction over all Defendants because the acts and omissions giving rise to the Plaintiffs' claims occurred in Black Hawk County, Iowa.

31.     Plaintiffs certify, pursuant to IA Code § 619.18, that this action meets applicable jurisdictional requirements for amount in controversy.

32.     Venue is proper under IA Code § 616.18 because the Plaintiffs sustained injuries and damages in Black Hawk County.

### FACTS COMMON TO ALL CAUSES OF ACTION

*Tyson Foods Dismissed Years of Warnings*

33.     For more than a dozen years before 2020, Tyson Foods had been warned that a pandemic was coming and when it came, its meat processing plants would be particularly susceptible.

34.     In May 2006, the Bush Administration published the National Strategy for Pandemic Influenza Implementation Plan (the "2006 Pandemic Plan").[1]

35.     The 2006 Pandemic Plan estimated that up to 40% of private sector workers may be absent for periods of two weeks at the height of a pandemic wave, and warned that "because the movement of essential personnel, goods and services, and maintenance of critical infrastructure are necessary during an event that spans weeks to months in any given community, effective continuity planning including protection of personnel during an influenza pandemic is a good business practice that must become part of the fundamental mission of . . . private sector businesses and institutions."[2]

36.     On January 16, 2007, the National Infrastructure Advisory Council provided the U.S. Department of Homeland Security and President George W. Bush with recommendations regarding the prioritization and distribution of pandemic countermeasures to the essential workers in the United States' Critical Infrastructure and Key Resource sectors, including food and

---

[1] HOMELAND SECURITY COUNCIL, *National Strategy for Pandemic Influenza* (MAY 2006) (available at www.cdc.gov/flu/pandemic-resources/pdf/pandemic-influenza-implementation.pdf).

[2] *Id.* at 165.

agriculture leaders (the "NIAC Plan"). [3] The advisory council warned the Bush Administration that during a pandemic, a pandemic influenza vaccine would likely not be readily available until many months after the onset of a pandemic.  As a result, the advisory council said it was imperative that the food and agricultural sectors, including private corporations, such as Tyson Foods, establish a Pandemic Flu Continuity of Operation Plan in order to minimize the virus' spread and impact.

37.     In response, the meatpacking industry's trade association, the Food and Agriculture Sector Coordinating Council ("FASCC") circulated a template for a pandemic plan (the "FASCC Plan").[4]  The FASCC plan predicted employee-to-employee transmission from a pandemic virus that would threaten food and agricultural operations, and explained that "given the characteristics of influenza transmission, a few simple control measures might be effective in reducing the transmission of infection."[5] The FASCC Plan recommended that sick and symptomatic persons should stay home, and "persons who are around individuals with influenza-like symptoms should: maintain spatial separation of at least 6 feet from that individual; turn their head away from direct coughs or sneezes; and wash their lands with soap and water, alcohol-based hand rub, or antiseptic handwash."

---

[3] NATIONAL INFRASTRUCTURE ADVISORY COUNCIL, *The Prioritization of Critical Infrastructure for a Pandemic Outbreak in the United States Working Group* (Jan. 16, 2007) (available at https://www.dhs.gov/xlibrary/assets/niac/niac-pandemic-wg_v8-011707.pdf).

[4] FOOD AND AGRICULTURE SECTOR COORDINATION COUNCIL, Draft Template for the Food Processing Industry: *Pandemic Continuity of Operations Plan (COOP)*, (available at https://www.meatinstitute.org/FoodSecurity/ICMemos/013007DraftCOOP.pdf) (hereinafter "FASCC Plan").

[5] *Id*. at p. 10.

38.     In 2007, the Department of Labor issued Proposed Guidance on Workplace Stockpiling of Respirators and Facemasks for Pandemic Influenza.[6] The guidance recommended that companies, such as Tyson Foods, with "frequent, close contact (within 6 feet) exposures to other people such as co-workers" stockpile enough masks to provide each worker with two masks per day for 120 days. The guidance recommended additional protective measures, including engineering changes, procedure changes, and use of personal protective equipment, which employers should implement based upon the occupational exposure risk profile of employees' job tasks and workplace. Finally, the guidance urged the private sector to assess the number of employees at risk of occupational exposure for each job classification and specific work tasks.

39.     In 2009, the U.S. Department of Labor and the Department of Health and Human Services published Guidance on Preparing Workplaces (including food and agricultural sectors) for an Influenza Pandemic.[7] This guidance recommended that medium-risk exposure workplaces, including meat packing plants, stockpile enough masks to provide each worker with two masks per day for 120 days.

40.     Each of these resources detailed specific characteristics of influenza, including how it is transmitted from person to person through virus-laden droplets, and the possibility that infected individuals may be asymptomatic but still contagious, and explained how to address respiratory viruses that could infect workers.

41.     Despite years of advanced warnings and knowledge of the risks of an influenza-type pandemic to its workforce long before the COVID-19 pandemic began, Tyson Foods and the

---

[6] OSHA, *Draft Proposed Guidance on Workplace Stockpiling of Respirators and Facemasks for Pandemic Influenza* (rev. Oct. 26, 2007) (available at https://www.ahcancal.org/Survey-Regulatory-Legal/Emergency-Preparedness/Documents/COVID19/OSHA_Proposed_Guidance_on_Stockpiling_Respirators.pdf).

[7] U.S. DEP'T OF LABOR, OCCUPATIONAL SAFETY & HEALTH ADMIN, *Guidance on Preparing Workplaces for an Influenza Pandemic* (2009) (available at https://www.osha.gov/sites/default/files/publications/OSHA3327pandemic.pdf).

Executive Defendants knowingly and intentionally failed to: (1) acquire and stockpile masks, respirators and other appropriate PPE necessary to protect their works during an influenza-type pandemic; (2) plan for and implement protective measures such as engineering changes (including spacing workers 6 feet apart, and installing plastic barriers between workers on the production line, in cafeterias and break rooms); plan for and implement procedure changes (including slowing production lines and staggering breaks among workers); assess the number of employees at risk of occupational exposure for each job classification and specific job task; and allowing sick or potentially sick workers to stay at home and/or shelter in place.

42.     Despite nearly fifteen years of warnings, Tyson Foods purposely failed to prepare for an influenza-type pandemic.

### The Pandemic

43.     COVID-19 is an infectious respiratory disease caused by a novel coronavirus (hereinafter "COVID-19" or "the virus").

44.     COVID-19 is highly contagious.

45.     COVID-19 can result in serious, long-term health complications and death. Among these serious health complications, COVID-19 can cause inflammation in the lungs, clogging the air sacs in the lungs, limiting the body's oxygen supply and blood clots, organ failure, liver damage, intestinal damage, heart inflammation, neurological malfunction, and acute kidney disease.

46.     The virus primarily spreads from person to person through respiratory droplets produced when an infected person speaks, coughs, or sneezes.

47.     Spread is more likely when people are in close contact with one another (i.e., within 6 feet).

48. The virus can be spread by people who are asymptomatic, pre-symptomatic, or mildly symptomatic.

49. Distinctive factors that affect workers' risk for exposure to COVID-19 in meat processing facilities include distance between workers, duration of contact and type of contact between workers.

50. The best way to prevent infection and illness is to avoid exposure to the virus.

51. The first known COVID-19 outbreak occurred in Wuhan, Hubei province, People's Republic of China ("China").

52. Tyson Foods has extensive meat packing operations and business interests in China, including the Tyson Dalong Complex, Tyson Nantong Complex, Tyson Rizhao Complex and Tyson East China Foods. Co., Ltd.

53. In January 2020, nearly all of Tyson's operations in China were affected by the COVID-19 outbreak.

54. On January 11, 2020, Chinese state media reported its first known death from COVID-19. Japan, South Korea and Thailand reported confirmed COVID-19 cases by January 20, 2020.

55. By February 2020, Tyson Foods halted operations at some facilities in China and reduced or slowed operations at others in order to try and stem the spread of COVID-19 and protect Chinese workers.

56. By February 2020, Tyson's China operations and facilities had implemented extensive COVID-19 engineering control and sanitation protections for Chinese workers, and provided appropriate personal protective equipment for workers.

57.     By February, all of Tyson's China based operations and facilities had implemented and were following effective COVID-19 prevention protocols that included providing masks and other appropriate PPE to employees, checking employees' temperatures twice a day, thoroughly educating employees on how to protect themselves from the spread of the virus, installing air filtration systems, establishing quarantine observation areas for potentially infected employees, restricting access to facilities (including symptomatic employees), and preventing employees from gathering in cafeterias and break rooms.

58.     In January 30, 2020, Chinese local government officials in Shenzhen City inspected Tyson's local meat packing plant and were "very satisfied" with Tyson's operation during the pandemic in terms of hygiene of the production process and their prevention measures.[8]

59.     On February 14, 2020, Tyson Foods issued a press release in China concerning the COVID-19 protection protocols in place in Tyson's Chinese meat packing plants. Tyson Foods specifically highlighted the following health and safety protocols:

At entrances to plants:

There is sanitizing equipment to sanitize all incoming cars;
There is sanitizing equipment to sanitize people's hands: all people entering the plant sanitized their hands;
Infrared thermometers were set up at the gate; only staff who passed this checkpoint with normal temperature could enter the plant; and
All staff entering the plant were required to wear masks.

At the point of entry for each workshop (work station):

There is a strict sanitization procedure before entering each work area or production line;
Employees were required to wear sanitized uniforms, boots, and hats under the company's procedure. After dressing up, employees shall again wash their hands with

---

[8]  罗育德书记等领导走访泰森中国旗下铭基食品有限公司, Sоно.com (Jan. 31, 2020) (available at https://www.sohu.com/a/369831367_674746).

sanitizer, and then spray their hands with a mixture of 75% alcohol before entering the work area or production line.[9]

60.     On February 27, 2020, Tyson Foods issued another press release, proclaiming that it had established the "Disease Control Prevention of Tyson China Committee" to secure food right after the beginning of the pandemic, and that Tyson was focused on "precise prevention and control" and "scientific management" of COVID-19.

61.     By early February 2020, Tyson's China operations implemented infrared body temperature monitors to prevent the spread of the virus.

62.     According to Li Jin, Vice-President of Food Safety and Quality Management for Tyson's China operations, in early February of 2020, guidelines followed in Tyson's China plants were shared with Tyson Food operations worldwide, including Tyson's U.S. based operations.[10]

63.     Because of the effective health and safety protocols Tyson Foods implemented in its facilities in China, Chinese media reported zero COVID-19 related deaths of any meat packing employees.[11]

64.     According to Tyson Foods, the company has been focused on COVID-19 since January 2020 when it formed a "company coronavirus task force" in the United States.

65.     Tyson Foods formed this "task force" after observing the impact of COVID-19 on its China operations.

---

[9] TYSON, 安全升级，健康第一！泰森中国与你共克难关, (Feb. 14, 2020) (available at https://mp.weixin.qq.com/s/vnyjzZgMdZWKrsDrYUR6Kg).

[10] 科技防疫智能追溯，生鲜冷链业面临转型升级, SOHU.COM (Sept. 2, 2020) (available at https://www.sohu.com/a/416158380_114988).

[11] In stark contrast with the success of meat packing plants in China avoiding employee deaths, as set forth below, approximately 8% of the nearly 1,000,000 Covid-19 related deaths in the United States are directly related to the meat packing industry.

66.     On January 31, 2020, the United States Department of Health and Human Services declared a national public health emergency.

67.     On March 8, 2020, three COVID-19 cases were reported in Iowa.

68.     On March 9, 2020, Iowa Governor Kim Reynolds issued a Proclamation of Disaster Emergency in response to the COVID-19 outbreak.

69.     On or about March 9, 2020, the U.S. Department of Labor Occupational Safety and Health Administration ("OSHA") issued "Guidance on Preparing Workplaces for COVID-19," which encouraged employers to: increase physical distance between employees, install physical barriers where feasible, and provide employees with personal protective equipment such as gloves, gowns, face masks or shields. [12]

70.     On March 11, 2020, the World Health Organization declared the COVID-19 outbreak a global pandemic.

71.     On March 13, 2020, President Donald Trump declared a National Emergency in response to the COVID-19 outbreak.

72.     On or about March 13, 2020, Tyson Foods suspended all U.S. commercial business travel, forbid all non-essential visitors from entering Tyson offices and facilities, and mandated that all non-critical employees at its U.S. corporate office locations work remotely from home.

73.     On March 15, 2020, Governor Reynolds recommended that Iowa schools close because of the potential spread of COVID-19 in the State.

---

[12] https://www.osha.gov/sites/default/files/publications/OSHA3990.pdf

74.     On March 17, 2020, Governor Reynolds proclaimed a State of Public Health Disaster Emergency for the State of Iowa which included the closure of dine-in restaurant services, casinos, fitness centers, movie theaters, and any gatherings of ten or more persons.

75.     On the same date, Defendant Noel White issued a press release recommending that Tyson corporate employees: work from home, limit travel, practice social distancing, avoid mass gatherings, and keep their distance from others when possible.  Mr. White's press release also provided for revised attendance policies for Tyson employees.

76.     On the same date, COVID-19 cases were confirmed in Black Hawk County.

77.     On March 18, 2020, Scott Rouse, Executive President & Chief Customer Officer of Tyson issued a press release to customers ensuring them that despite COVID-19, Tyson was taking all necessary steps to maintain the safety and health of customers, consumers and employees and diligently educating employees on the virus. Mr. Rouse further announced that in order to help prevent the spread of COVID-19, the vast majority of employees in Tyson's corporate offices were working remotely.

78.     On March 20, 2020 Executive Defendant Stephen Stouffer wrote in a letter to livestock providers that Tyson Foods's beef and pork processing plants continued to operate "at or very near normal production rates," even though the company had recommended against large gatherings for its employees "to minimize and slow the progression of COVID-19."

79.     On March 21, 2020, Tyson sent correspondence from its corporate office in Arkansas to "all plant team members" which included the following statements:

> "Thank you for all you're doing to help us supply safe, affordable, high-quality food to our customers and consumers. Our role as the largest food company is critical, so we're working hard to make sure we continue producing the food people need during this challenging time. The food industry is recognized as an essential part of our national infrastructure. It is vital that you come to work as planned, despite stories about "shelter in place."

80.    On March 24, 2020, President Trump approved a major disaster declaration for the State of Iowa in response to the COVID-19 outbreak.

81.    As foretold by years of government warnings, the cramped and crowded conditions in meat packing plants provided a fertile environment for an explosion of the COVID-19 virus. By April of 2020, the prevalence of COVID-19 cases in rural meat-packing dependent counties was more than ten times higher than in other rural counties.



82.    On April 5, 2020, Doug White reported that Tyson's pork processing facility in Columbus Junction had twenty-nine confirmed cases of COVID-19.

83.    On April 6, 2020, the Tyson pork processing facility in Columbus Junction closed because of the number of employees infected with COVID-19, at least two employees from Columbus Junction eventually died of COVID-19 complications by the end of that April.  The

Columbus Junction pork processing facility did not reopen until April 21, 2020 and then with only limited operations.

84.     Health care providers at People's Community Clinic in Waterloo publicly reported that 99% of their earliest COVID-19 patients either worked at the Tyson Waterloo Facility or lived with someone who worked there.[13]

85.     The Executive Defendants and Supervisory Defendants knew that workers and sub-contractor employees were traveling back and forth between Columbus Junction and Waterloo during the early outbreak of COVID-19 in Columbus Junction bringing the COVID-19 virus with them.

86.     By and throughout March of 2020, Defendants were well aware that COVID-19 spread by person-to-person contact, and were well aware of appropriate and effective safety precautions such as social distancing, slowing production lines, social distancing, the use of plastic barriers, the use of PPE including masks, gowns, gloves, and face shields, contact tracing and quarantining sick and symptomatic employees. There also had been well-publicized outbreaks happening where large numbers of people were routinely within six feet of one another, such as on cruise ships, jails, prisons, and nursing homes. This knowledge was so widespread as to create certainty that Tyson Foods and the Executive and Supervisory Defendants were aware of this information and yet took no meaningful precautions to protect employees at the Waterloo Facility.

***The COVID-19 Outbreak at the Waterloo Facility***

87.     The Waterloo Facility is Tyson's largest pork plant in the United States.  The facility employs approximately 2,800 workers who process approximately 19,500 hogs per day.

---

[13] Michael Grabell & Bernice Yeung, *The Battle for Waterloo*, PROPUBILCA (Dec. 21, 2020), https://features.propublica.org/waterloo-meatpacking/as-covid-19-ravaged-this-iowa-city-officials-discovered-meatpacking-executives-were-the-ones-in-charge/ (last visited Apr. 18, 2022).

88.     In February and March, Tyson's COVID-19 and Severe Seasonal Flu Guidance required the Supervisory Defendants to immediately separate, isolate, and send home team members with acute respiratory illness symptoms, such as cough, fever or shortness of breath.

89.      Despite this guidance, each of the Supervisory Defendants directed employees at the Waterloo Facility with acute respiratory illness symptoms to stay at work until and unless they received a formal positive COVID-19 test or formal medical diagnosis from a physician.

90.     In February and March, Tyson's Food Production and Storage Area Face Covering Guidance required the Supervisory Defendants to perform a risk assessment and determine areas where face coverings were either required or optional (based on team member preference).

91.     Despite this guidance, each of the Supervisory Defendants failed to conduct a risk assessment, failed to obtain and provide face coverings for employees at the Waterloo Facility, and allowed workers to enter and work in the facility without face coverings and other appropriate personal protective equipment.

92.     On March 16, 2020, Tyson Foods reportedly began restricting some visitor access to the Waterloo Facility.

93.     Despite this supposed restriction, the Supervisory Defendants directed employees at the Waterloo Facility to deliver parts to the Columbus Junction plant during the Columbus Junction outbreak. These employees did not quarantine and were not tested for COVID-19 upon returning to the Waterloo Facility. Further, there was no restriction in place to keep subcontractor employees (i.e., cleaning employees from PSSI, Inc. and cafeteria workers from VVS, Inc., etc.) who worked at Tyson plants previously closed by COVID-19 from coming into the Waterloo Facility.

94.     On or about March 28, John Doe, an employee at the Waterloo Facility, tested for COVID-19 after he started exhibiting COVID-19 symptoms.  Mr. Doe told his supervisor that he was symptomatic and awaiting COVID-19 test results.[14]

95.     Nevertheless, Mr. Doe's supervisor, Mike Wolfe, at the direction of Defendants Mary Jones, James Hook, and the Supervisory Defendants, ordered Mr. Doe to return to work, in reckless disregard for the health and safety of Mr. Doe's team members and other employees at the Waterloo Facility.

96.     Even though Mr. Doe was symptomatic and awaiting COVID-19 test results, the Supervisory Defendants did not permit him leave work, and did not instruct him or his family members to quarantine.

97.     Tyson Foods did not implement or enforce sufficient social distancing measures at the Waterloo Facility.

98.     The Executive Defendants and Supervisory Defendants had advance notice of the danger COVID-19 posed to workers at the Waterloo Facility.

99.     In late-March and early-April, COVID-19 outbreaks occurred at Tyson plants in Columbus Junction, Iowa and Camilla, Georgia.  Four Tyson employees at the Camilla plant died from the virus and two employees at the Columbus Junction facility died.

100.     By early-April, each of the Executive Defendants and Supervisory Defendants knew or should have known that COVID-19 was rampantly spreading through the Waterloo Facility.

---

[14] John Doe is a pseudonym used to protect the individual's identity. At all material times, John Doe lived in the same household with his mother, father, brother, and brother-in law, and they all worked at the Waterloo Facility.  John Doe was supposedly Tyson's first confirmed case of COVID-19 at the Waterloo Facility.

101.    Nevertheless, the Executive Defendants and Supervisory Defendants forced sick and symptomatic workers to continue working unless and until they formally tested positive for COVID-19, which in most cases took days to confirm.

102.    In late-March or early-April, the Supervisory Defendants and most managers at the Waterloo Facility started avoiding the plant floor because they were afraid of contracting the virus. Consequently, as the virus spread through the plant, the Supervisory Defendants and other managers increasingly delegated managerial authority and responsibilities to low-level supervisors with no management training or experience.

103.    The Executive Defendants and Supervisory Defendants were aware of COVID-19 outbreaks at Tyson Foods plants in Columbus Junction, Iowa, Camilla, Georgia, and other meat packing plants across the United States.

104.    Despite knowing the inherent risks of COVID-19 on its workforce and the inability for team members to socially distance on the production line, in cafeterias, locker rooms, and break rooms, the Executive Defendants and Supervisory Defendants intentionally and deliberately kept the Waterloo Facility open and running at full capacity rather than slowing or pausing production to install physical barriers, did not provide or require proper personal protective equipment, and did not screen employees for COVID-19 symptoms.

105.    The outbreak of COVID-19 in the Waterloo Facility was the largest workplace outbreak of COVID-19 in the country.

106.    Dr. Nafissa Cisse Egbuonye, director of the Black Hawk County Health Department, attributed 90% of all the Black Hawk County's total COVID-19 cases to the Waterloo Facility in April 2020.

107.    In March and April 2020, each of the Executive Defendants communicated with the Supervisory Defendants via frequent Zoom meetings about CDC Guidelines and strategies to keep employees working at all of its meat packing facilities during the COVID-19 pandemic. The presence and spread of COVID-19 at the Waterloo Facility and other Tyson meat packing facilities was never discussed. Instead, the meetings focused on what as necessary to keep the facility operating at full production speeds for as long as possible.

108.    In early-April 2020, the Supervisory Defendants, at the direction of the Executive Defendants, reportedly first began using call-in logs to keep track of the hundreds of Waterloo employees that were calling in sick daily with COVID-19 symptoms.

109.     Sick call-in logs for March of 2020, which would show widespread COVID-19 in the plant prior to April 1 were either not kept or were destroyed.

110.    The number of Tyson Foods employees calling in sick at the Waterloo Facility was communicated to the Executive Defendants on a daily basis by Supervisory Defendant Tom Hart.

111.    At the direction of Defendant Debra Adams, Defendant Mary Jones forbid her staff nurses from attributing employees' COVID-19 symptoms to COVID-19.  Instead, Tyson Foods nurses recorded COVID-19 symptoms and related absences as "flu-like symptoms." This was done to conceal the growing COVID-19 outbreak in the Waterloo Facility.

112.    On April 1, 2020, approximately 94 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

113.    On that same day, Felicie Joseph phoned a friend and told her friend that she was feeling ill and was in considerable pain. Ms. Joseph did not speak English, only Creole from her native Haiti. Her friend urged Ms. Joseph to call in sick at work but Ms. Joseph, aware of Tyson's push to keep the Waterloo Facility open, said she felt obligated to keep working, felt pressured by

supervisors to keep going to work.  Ms. Joseph also reported that her "boss" was still coming to work even though he had a bad cough, and she feared that if she stayed home, she would lose her job.

114.    Joseph and a number of other Haitian immigrants lived within a close distance of each other is Cedar Rapids. They car-pooled to work and many of them worked in the same department together.

115.    On or about April 2, 2020, John Doe received a positive test result for COVID-19 and informed management at the Waterloo Facility. The Supervisory Defendants reportedly instructed Mr. Doe to quarantine for fourteen days before returning to work. Doe was not required to show a negative test result and instead returned to work even though he was still symptomatic with COVID-19. When Doe returned, he noticed the glaring number of co-employees who were absent.

116.    Tyson and the Supervisory Defendants were aware that Doe lived with and was in close contact with a large number of family members who worked at Tyson. Tyson did not conduct contact tracing of Doe, none of Doe's family or co-workers, who Tyson knew had been in close contact with Doe, were notified or warned that they had been exposed to COVID-19. A member of Does close-knit family died of complications from COVID-19 after being exposed in the household with Doe.

117.    The same day, approximately 108 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

118.    At the direction of the Executive Defendants, the Supervisory Defendants did not perform contact tracing at the Waterloo Facility despite specific company policies requiring them to do so.

119.    On April 3, 2020, the CDC recommended that all Americans wear face coverings in public to prevent the spread of COVID-19. Still, however, Tyson Foods, the Supervisory Defendants, and the Executive Defendants did not provide face coverings to employees at the Waterloo Facility. Tyson ignored the CDC guidelines.

120.    The same day, approximately 113 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

121.    On April 4, 2020 the Supervisory Defendants posted signs in the Waterloo Facility "encouraging" employees to wear face coverings yet no face coverings were provided.

122.    The same day, approximately 105 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

123.    On April 6, 2020 the Waterloo Facility provided a box of rags and frayed fabric for employees to utilize as "optional" face coverings.

124.    The same day, Felicie Joseph went to the hospital with COVID-19 symptoms. She was tested for COVID-19 and told to quarantine. Despite being sick with COVID-19 symptoms, Joseph felt pressured to go keep going to work. She told friends she had seen a co-employee visibly sick at Tyson before she became ill herself.

125.    The same day, approximately 209 employees at the Waterloo Facility called in sick with COVID-19 symptoms (nearly double the number reported two days prior). Nevertheless, the Supervisory and Executive Defendants kept the plant operating at full speed in reckless disregard of workers' safety.

126.    The same day, Tyson reportedly installed temperature check stations to scan persons entering the Waterloo Facility with a fever of 100.4 or more. Tyson knew or should have known these temperature checks did not function as designed and workers taking certain

medication could lower their temperatures prior to coming to work and pass through even if they were ill. Employees could see that the temperature check was wildly inaccurate.

127. On April 6, 2020 Tyson's Columbus Junction, Iowa pork processing facility suspended operations after approximately twenty-nine employees reportedly tested positive for COVID-19 the day prior.

128. Consequently, a portion of the hogs that would have been processed at Columbus Junction were redirected to the Waterloo Facility.

129. Each of the Executive Defendants and Supervisory Defendants were aware that the Columbus Junction facility suspended operations because approximately twenty-nine employees tested positive for COVID-19.

130. On April 7, 2020, approximately 193 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

131. On April 8, 2020, approximately 218 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

132. On that same day, Isidro Fernandez started feeling the symptoms of COVID-19 and started calling in sick to work. No contact tracing was done and Tyson did not inform his family about the danger of the spread of COVID-19 within their households.

133. On April 9, 2020, approximately 237 employees at the Waterloo Facility called in sick with COVID-19 symptoms

134. On April 10, 2020, approximately 294 employees at the Waterloo Facility, including Sedika Buljic, called in sick with COVID-19 symptoms

135. The same day, Black Hawk County Sheriff Tony Thompson and Black Hawk County Health Department officials toured the Waterloo Facility. According to Sheriff Thompson,

working conditions at the Waterloo Facility "shook [him] to the core." Team members were crowded elbow to elbow; most without face coverings.

136.     Prior to and for several days after the Black Hawk County Health Department visit to the Waterloo Facility on April 10, Tyson, the Executive and Supervisory Defendants refused to work with or cooperate with the Black Hawk County Health Department on issues related to COVID-19.

137.     Sheriff Thompson and other local officials lobbied Tyson to close the Waterloo Facility, but the Tyson and the Executive and Supervisory Defendants refused.

138.     On April 11, 2020, approximately 211 employees at the Waterloo Facility, including Sedika Buljic, called in sick with COVID-19 symptoms.

139.     On April 12, 2020, nearly two-dozen Tyson Foods employees were admitted to the emergency room at MercyOne ("Covenant') Waterloo Medical Center with COVID-19 symptoms.

140.     On April 12, 2020, Isidro Fernandez, a Tyson employee, was admitted to Covenant Hospital with COVID-19 symptoms. He would never leave the hospital and died fourteen days later.

141.     On the same day, Mr. Fernandez's son -in-law, also a Waterloo Facility employee was admitted to Urgent Care to be tested for COVID-19 because he was also suffering from COVID-19 symptoms.  He also tested positive for COVID-19.

142.     On April 13, 2020, approximately 569 employees at the Waterloo Facility, including Reberiano Garcia (who would later die of COVID-19), called in sick with COVID-19 symptoms.

143.     On April 13, 2020, Jose Ayala was admitted to the Emergency Room at Allen Memorial Hospital with COVID-19 symptoms dating back approximately five days. His medical

records state that when he was admitted on April 13 he worked at Tyson "where numerous cases of COVID have been confirmed recently." Ayala's condition deteriorated rapidly and he was transferred to intensive care the same day, was intubated, and lost consciousness which was never regained. He eventually died on May 25, 2020, of complications from COVID-19 alone and isolated in a hospital.

144.    On April 14, 2020, approximately 445 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

145.    That same day, Isidro Fernandez's wife and two of his daughters were tested for COVID-19 after suffering from COVID-19 symptoms.  They were also employees at the Waterloo Facility.  They tested positive for COVID-19.

146.    The same day, Black Hawk County officials asked Tyson Foods to temporarily suspend operations at the Waterloo Facility due to the outbreak of positive cases and the risks to Tyson's employees and the community. Again, the company refused.

147.    The same day, Sedika Buljic was allowed to return to work despite exhibiting COVID-19 symptoms. Upon returning to work, Mrs. Buljic and her team members were falsely told by their direct supervisory that COVID-19 was not present in the Waterloo Facility and they were safe from the virus at work.

148.    On April 15, 2020, approximately 468 employees at the Waterloo Facility, including Sedika Buljic, called in sick with COVID-19 symptoms.

149.    On the same day, one of Mr. Fernandez's sons was tested after suffering from COVID-19 symptoms.  He too worked at the Waterloo Facility.  He also tested positive for COVID-19.

150.    On April 16, 2020, nearly 500 employees at the Waterloo Facility, including Sedika Buljic, called in sick with COVID-19 symptoms.

151.    The same day, Tyson Foods officials publicly denied a COVID-19 outbreak at the Waterloo Facility.[15]

152.    On April 17, 2020, approximately 549 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

153.    The same day, Reberiano Garcia was admitted to Covenant Hospital in Waterloo, Iowa with COVID-19 symptoms. Soon he was placed on a ventilator.

154.    On or about the same day, twenty local elected officials sent a letter to Tyson Foods imploring the company to take steps "to ensure the safety and well-being of Tyson's valuable employees and our community" and to "voluntarily cease operations on a temporary basis at [the] Waterloo Facility so that appropriate cleaning and mitigation strategies can take place."  Still the company did nothing to protect its workers.

155.    On April 18, 2020, approximately 435 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

156.    On April 18, 2020, Sedika Buljic died at home in her husband's arms from complications of COVID-19.

157.    On that same day, Felicie Joseph called a friend and told them that she was due back at work the following Monday, April 20. She was still sick.

---

[15] *See* Amie Rivers, *Tyson workers say they work 'sick'; clinic seeing 'tons of COVID-19'*, THE COURIER (Apr. 16, 2020), https://wcfcourier.com/business/local/tyson-workers-say-they-work-sick-clinic-seeing-tons-of-covid-19/article_965e046b-f4e8-5c57-99dd-2b9938734909.html (last visited Apr. 18, 2022).

158.    On April 19, 2020, Felicie Joseph was having trouble breathing and had her friend call an ambulance for her. Her friend called an ambulance and headed to the hospital. By the time her friend got the hospital, Ms. Joseph was already dead of complications from COVID-19.

159.    On that same day, another co-employee from the Waterloo Facility died of COVID-19 complications. Both died completely alone, isolated in the hospital or in an ambulance, unable to see or talk to loved ones.

160.    On or about April 19, 2020, Iowa state lawmakers filed an OSHA complaint against Tyson Foods after employees from the Waterloo Facility complained of unsafe working conditions related to the COVID-19 outbreak in the plant. The complaint alleged: at least one Tyson employee had informed Waterloo health care providers that he or she had been transferred to the Waterloo Facility from Tyson's Columbus Junction plant, which had closed due to a COVID-19 outbreak; workers did not have sufficient personal protective equipment; social distancing measures were not being implemented or enforced on the plant floor or in employee locker rooms; nurses at the Waterloo Facility lacked sufficient medical supplies and were unable to accurately conduct temperature checks; and because of language barriers, non-English speaking employees mistakenly believed they could return to work while sick.

161.    On or about April 20, 2020, Governor Reynolds held a conference call with the CEO of Tyson Foods, other high-ranking Tyson officials, and Tyson lobbyist Matt Eide. Tyson officials downplayed the seriousness of the COVID-19 outbreak at the Waterloo Facility and exaggerated the efficacy of safety measures implemented at the facility.

162.    On the same day, approximately 656 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

163.    According to Tyson Foods, the company began winding down operations at the Waterloo Facility on April 20 because of a lack of available healthy labor, but the plant did not shut down until April 23, after the company had processed the remaining hog carcasses in its cooler.

164.    Around this time, Defendant Tom Hart, the Plant Manager of the Waterloo Facility, organized a cash buy-in, winner-take-all betting pool for supervisors and managers to wager how many employees would test positive for COVID-19.

165.    On or about April 21, 2020, Tyson Foods reportedly, for the first time, required all team members to wear company-issued surgical-style face coverings while at work.

166.    On the same day, approximately 597 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

167.    On April 22, 2020, approximately 257 employees at the Waterloo Facility called in sick with COVID-19 symptoms.

168.    The same day, Tyson Foods finally announced plans to indefinitely suspend operations at the Waterloo Facility.

169.    On April 23, 2020, Tyson Foods formally suspended operations at its Waterloo Facility.

170.    Prior to the closing of the Waterloo Facility, employees observed Tyson's replacing hand sanitizer with water in the dispensers around the Waterloo Facility.

171.    Prior to the closing of Waterloo Facility, employees noticed that the speed of the production line would be slowed when observers or inspectors were present and then sped up again after the visitors passed through.

172.    Prior to closing the Waterloo Facility on April 23, 2020, the spread or potential spread of COVID-19 was never discussed in daily staff meetings at the Waterloo Facility.

173.    On April 23, 2020, Reberiano Garcia died, alone in the hospital, of complications related to COVID-19 on a respirator completely isolated from his family.

174.    The same day, Defendant Dean Banks falsely proclaimed on national television that Tyson Foods was "extremely early in providing as many protective measures as we could possibly imagine" and "providing masks to [employees] to take home and give to their families and to make sure we are doing everything we can to keep the disease out of our plants." Mr. Banks also falsely claimed that "the vast majority of our plants have no [COVID-19] cases," and "we have a small minority of plants that have single, small, small, small digit numbers of cases and we have a handful of plants where we've seen more disease and that's reflected in what's going on in the broader community." Banks falsely claimed that to enter a Tyson meat packing plant, "you get masked up, you get gowned …and you have barriers on all sided to make sure the disease is not spreading within our plants."[16]

175.    Defendant Dean Banks also falsely asserted that Tyson Foods was bringing in local health officials to look at Tyson facilities and "county health officials have gone so far as to tell us that they believe that our plants are some of the safest places in the county for our team members to be."[17]

176.    According to Black Hawk County Health Director, Dr. Nafise Cisse Egbuonye, however, the Executive Defendants were responsible for the horrific COVID-19 outbreak at the

---

[16]    Chauncey Alcorn, *Tyson will close its biggest pork plant after workers call out sick with coronavirus*, CNN BUSINESS (Apr. 22, 2020), https://t.co/9ouNI1ngVO (last visited Apr. 18 2022) (containing video within article of Dean Banks on OutFront with Erin Burnett on CNN April 23, 2020).

[17]    *Id.*

Waterloo Facility: "If the local health department says there's a huge situation here, there's a crisis, the hope is that you would trust that. The sentiment I received was that they were waiting for direction from the corporate level."[18]

177.    On April 26, 2020, Isidro Fernandez died of complications of COVID-19. Fernandez had been hospitalized with COVID-19 and on a ventilator since April 12. The same week Fernandez was admitted to the hospital, at least four members of his family, including his wife, tested positive as well. Neither Isidro Fernandez nor his family who worked at the Waterloo Facility had been warned of exposure to COVID-19 by Tyson through contact tracing. Isidro Fernandez died alone, isolated in a hospital, with no way to see his family and without his family having the ability to say goodbye.

178.    On May 10, 2020, after a long hospitalization, yet another Tyson employee died of complications from COVID-19.

179.    By the time COVID-19 was detected at the Waterloo Facility, the Executive Defendants were fully informed of prior and ongoing COVID-19 outbreaks at Tyson Foods facilities in China, Columbus Junction, and Camilla.  At a minimum, the Supervisory Defendants were well informed of the Columbus Junction outbreak and subsequent plant closing.

180.    The Supervisory Defendants, at the direction of the Executive Defendants, did not require truck drivers and subcontractors (including PSSI, Inc. employees) to have their temperatures checked before entering the Waterloo Facility. In addition, the Supervisory Defendants were well aware of known "work around" methods of entering the plant without a temperature check.

---

[18]  Grabell & Yeung, *The Battle for Waterloo*, *supra* note 13.

181.    In April 2020, the Supervisory Defendants cancelled regularly scheduled safety meetings.

182.    Even after learning of positive COVID-19 tests within the Waterloo Facility, the Supervisory Defendants explicitly directed supervisors to deny that COVID-19 cases were occurring at the plant.

183.    Consequently, in March and April supervisors—at the direction of the Supervisory Defendants—falsely denied the existence of "confirmed cases" or "positive tests" within the Waterloo Facility, even as hundreds of employees were calling in sick with COVID-19 symptoms each day.

184.    In April, the Supervisory Defendants falsely told workers they had a responsibility to keep working in order to ensure that Americans didn't go hungry.

185.    In April, the Supervisory Defendants falsely told workers that they would be notified if they had been in close contact with co-workers who tested positive for COVID-19.

186.    Many of Tyson's Waterloo employees are refugees and immigrants, including Felicie Joseph, who speak and comprehend little or no English.

187.    Tyson employs a large number of interpreters to communicate with these non-English speaking employees.

188.    In early-April, Defendants Tom Hart, James Hook, and other Supervisory Defendants summoned all interpreters at the plant to attend a closed-door meeting concerning COVID-19.

189.    During this closed-door meeting, Defendant Hart and Defendant Hook directed the interpreters to tell non-English speaking employees: "everything is fine," and there is no outbreak at the plant.

190.    During this closed-door meeting, Mr. Hart and Mr. Hook directed the interpreters to tell non-English speaking employees: there are "no confirmed cases," and the Black Hawk County Health Department had "cleared" the plant of COVID-19.

191.    During this closed-door meeting, Mr. Hart and Mr. Hook explicitly forbid interpreters from discussing COVID-19, except for the foregoing directives (set forth in the two preceding paragraphs).

192.    At the time Defendants Hart and Hook, and the other Supervisory Defendants directed interpreters to tell non-English speaking employees that there were "no confirmed cases" at the plant, there were, in fact, confirmed COVID-19 cases at the plant.

193.    At the time Defendants Hart and Hook and the other Supervisory Defendants directed interpreters to tell non-English speaking employees that the Black Hawk County Health Department had "cleared" the plant, the Black Hawk Health Department had not, in fact, "cleared" the plant.

194.    Around the time Defendants Hart and Hook and the other Supervisory Defendants directed interpreters to tell non-English speaking employees that the Black Hawk Health Department had "cleared" the plant, Black Hawk County officials were, in fact, urging Tyson to close the Waterloo Facility to protect workers and the surrounding community from the COVID-19 outbreak at the plant and Tyson and the Supervisory Defendants were purposely refusing to cooperate or coordinate with the Black Hawk County Health Department.

195.    The Supervisory Defendants held at least three of these closed-door meetings with interpreters during the first three weeks of April.

196.    Most interpreters were removed from the plant floor after the first of these closed-door meetings.

197.    The Executive Defendants transferred workers to the Waterloo Facility from Tyson's Columbus Junction plant after it shut down due to a COVID-19 outbreak.

198.    The Executive Defendants and Supervisory Defendants failed to test or adequately quarantine workers from the Columbus Junction plant before allowing them to enter the Waterloo Facility.

199.    The Supervisory Defendants permitted or encouraged sick and symptomatic employees, and asymptomatic employees known or suspected to have been exposed to COVID-19, to continue working at the Waterloo Facility.

200.    At least one worker at the Waterloo Facility vomited on the production line and management allowed him to continue working and return to work the next day.

201.    The Supervisory Defendants ordered sick and symptomatic employees who were tested at the Waterloo Facility to return to work and continue working until they were formally notified that they had tested positive for COVID-19.

202.    On at least one occasion, an employee who had been tested at the Waterloo Facility was told by the Supervisory Defendants to keep working *even after* he tested positive for the virus.

203.    Defendant John Casey explicitly directed supervisors and employees to ignore symptoms of COVID-19.  Mr. Casey told supervisors they had to show up to work, even if they were exhibiting symptoms of COVID-19, and he directed other supervisors to make their direct reports come to work even if they had symptoms of COVID-19.

204.    On one occasion, Defendant Casey intercepted a sick supervisor en-route to get tested and ordered the supervisor to get back to work, stating, "we all have symptoms—you have a job to do."

205.    Tyson offered $500 "thank you bonuses" to employees who turned up for *every* scheduled shift for three months during the height of the pandemic.  This policy further incentivized sick workers to continue coming to work.

206.    In March and April, supervisors and managers at the Waterloo Facility falsely told employees that their co-workers were sick with the flu (not COVID-19) and warned them not to discuss COVID-19 at work.

207.    The Supervisory Defendants regularly downplayed the dangers of COVID-19.  For instance, John Casey regularly referred to COVID-19 as the "glorified flu" and told workers not to worry about it because "it's not a big deal; everyone is going to get it."

208.    The Tyson Defendants, the Executive Defendants and the Supervisory Defendants knew the Center for Disease Control guidelines required notification to employees of positive tests within the Waterloo Facility and knowingly refused to notify employees of known positive tests.

209.    High-level Tyson executives began lobbying the White House for COVID-19 related liability protections as early as March and continued their lobbying efforts throughout April. Tyson officials dined at the White House and participated in several calls with President Trump and Vice President Pence during March and April.

210.    Tyson Foods executives lobbied, or directed others to lobby, members of Congress for COVID-19 related liability protections knowing that legal claims arising from COVID-19 related deaths were likely going to be filed against them.

211.    Tyson executives lobbied, or directed others to lobby, Iowa Governor Reynolds for COVID-19 related liability protections.

212.    On or about April 26, 2020, Tyson Foods placed a full-page advertisement in The New York Times, Washington Post and Arkansas Democrat-Gazette entitled "A Delicate Balance:

Feeding the Nation and Keeping Our Employees Healthy," which asserted that "the food supply chain is breaking." The advertisement, signed by Defendant John H. Tyson, warned that "millions of pounds of meat will disappear from the [U.S.] supply chain" due to plant closures and, "[a]s a result, there will be limited supply of our products available in grocery stores" until closed facilities reopen. The advertisement stressed that Tyson had a "responsibility to feed our nation." This full-page ad was placed knowing that Tyson had made record exports to China with high profit margins during the month of April 2020.

213.    On numerous occasions in April, each of the Executive Defendants publicly argued, and directed company spokespersons to argue, that it was necessary to continue operating meat processing facilities during the pandemic (despite uncontrolled COVID-19 outbreaks at many of those facilities) in order to feed Americans all while knowing that Tyson was making record pork exports to China at the very same time.

214.    Tyson Foods exports to China increased by 600% in the first quarter of 2020. In fact, Tyson exported 1,289 tons of pork to China in April 2020, its largest single month total in more than three years.

215.    In 2020, Tyson Foods's profits from pork production was 600% higher than in 2019.

216.    The Executive Defendants knowingly and deliberately sacrificed the health and safety of American workers to secure profits from increased exports to China. Months earlier, while Tyson officials in China were providing state of the art protection for its Chinese workers, the same protections were not afforded American workers.

217.    On May 1, 2020, Tyson told local officials that the plant was weeks away from reopening; however, the plant reopened just six days later.

218. On May 5, 2020, during the temporary shutdown at the Waterloo Facility, Defendant Thomas Brower finally completed a PPE Hazard Assessment for COVID-19 to assess the risk of exposure and occupational hazards for team members in each job classification working inside the Waterloo Facility. [19]

219. A grossly disproportionate number of Tyson's Waterloo workers were infected with COVID-19 compared to the general populations of Black Hawk County and Iowa in general.

220. During the early stages of the pandemic, the presence of a meatpacking plant in a county was associated with a 51% to 75% increase in coronavirus cases from the county's baseline rate, and increased the deathrate by 37% to 50% over the baseline.[20]

221. At all relevant times, the Supervisory Defendants and Executive Defendants individually and collectively had responsibility for Ms. Buljic, Mr. Garcia, and Mr. Ayala's safety and work conditions.

222. Plaintiff Ann K. Wilson, as Administrator of the Estate of Reberiano Garcia, seeks recovery from Defendants for all damages cognizable under Iowa law including but not limited to:

    a. Felicie Joseph's pre-death physical and mental pain and suffering;

    b. Felicie Joseph's pre-death loss of function of the mind and body;

    c. Felicie Joseph's pre-death fright and emotional distress;

    d. Felice Joseph's pre-death medical expenses;

    e. Pecuniary loss of accumulation to the Estate of Felice Joseph;

    f. Interest on premature burial expenses;

---

[19] This type of hazard assessment was originally recommended by the Department of Labor in 2007.

[20] Charles A. Taylor, Christopher Boulous, & Douglas Almond, *Livestock plants and COVID-19 transmission*, (Nov. 19, 2020) (available online at www.pnas.org/content/117/50/31706.

g.  Past and future loss of the love, services, society, companionship, support, affection, and consortium suffered by Wilmarc Joseph and Edouard Joseph as a result of the death of their mother; and

h.  Punitive damages.

### FIRST CAUSE OF ACTION
**CLAIMS AGAINST DEFENDANTS TYSON FOODS INC. AND TYSON FRESH MEATS, INC.**
(FRAUDULENT MISREPRESENTATION, VICARIOUS LIABILITY AND PUNITIVE DAMAGES)

223.  Plaintiff incorporate by reference all allegations contained in this Complaint.

224.  In March and April of 2020, Defendant Tyson Foods, through the Executive and Supervisory Defendants and other corporate agents, made numerous false representations to Felicie Joseph, and other workers at the Waterloo Facility concerning: (1) the presence and spread of COVID-19 at the facility; (2) the importance of protecting and keeping workers safe; (3) the efficacy of safety measures implemented at the facility; and (4) the need to keep the facility open to avoid U.S. meat shortages.

225.  In March and April, Tyson Foods, through the Executive and Supervisory Defendants and other agents, knowingly and falsely represented to Felicie Joseph, and others workers at the Waterloo Facility that:

a.  COVID-19 had not been detected at the facility;

b.  COVID-19 was not spreading through the facility;

c.  Worker absenteeism was unrelated to COVID-19;

d.  Sick workers were not permitted to enter the facility;

e.  Sick or symptomatic workers would be sent home immediately and would not be permitted to return until cleared by health officials;

f.  Workers would be notified if they had been in close contact with an infected co-worker;

g.  Tyson's "top priority" is the health and safety of its "team members;"

h.  Safety measures implemented at the facility would prevent or mitigate the

spread of COVID-19 and protect workers from infection;

i.    The Waterloo Facility needed to stay open in order to avoid U.S. meat shortages; and

j.    The Waterloo Facility was a safe work environment.

k.    Tyson Foods was protecting its workers to the best of its ability, in the same manner or better than its workers around the world.

226.    Tyson Foods, by and through its Executive and/or Supervisory Defendants, knew these representations were false and knew or should have known that it was wrong to make such false representations. Further Tyson directed and/or ratified the misrepresentations made by the Executive and Supervisory Defendants.

227.    These misrepresentations were material in that Felicie Joseph would not have continued coming to work had they been informed of the extent of the COVID-19 outbreak at the Waterloo Facility and the substantial safety risks associated with her continued and consistent work at the Tyson Waterloo Facility.

228.    Tyson Foods intended by these false representations to deceive workers at the Waterloo Facility, including Felicie Joseph, and to induce her to continue working despite the uncontrolled COVID-19 outbreak at the plant and the health risks associated with working at the Waterloo Facility.

229.    Felicie Joseph and others accepted and relied on Tyson's representations as true, and were justified in doing so.

230.    Tyson Foods thereby induced Felicie Joseph and others to continue working at the Waterloo Facility despite the dangers presented by the COVID-19 outbreak coupled with the lack of safety precautions and protocols at the Waterloo Facility.

231.    Tyson Foods's false representations directly and proximately caused Plaintiff's

injuries and were a substantial factor in causing Plaintiff's injuries.

232.  Tyson Foods is vicariously liable for the culpable acts and omissions committed by all of its agents acting within the course and scope of their agency, including but not limited to the executives, managers and supervisors named in this Complaint.

233.  Tyson Foods' acts and omissions were grossly negligent, reckless, intentional, and constitute willful and wanton misconduct.

234.  Tyson Foods' fraudulent misrepresentations and prolonged refusal to temporarily slow production or close down the Waterloo Facility despite knowing that several hundred workers were sick with symptoms of COVID-19, despite knowing that many workers at the plant had tested positive for COVID-19, and despite knowing that COVID-19 was rapidly spreading through the workforce at the Waterloo Facility are evidence of Tyson's incorrigible, willful and wanton disregard for workplace safety and culpable state of mind.

235.  Tyson Foods knowingly and intentionally prioritized profits over the health, safety and well-being of its Waterloo employees.

236.  Tyson's lobbying efforts for liability protections while simultaneously failing to sufficiently protect its workers from COVID-19 is further evidence of the company's incorrigible, willful and wanton disregard for workplace safety and culpable state of mind.

237.  An award of punitive damages is necessary to punish Tyson Foods for its willful and wanton disregard for workplace safety and to deter it and other similarly situated companies from jeopardizing workers' lives in the future.

### SECOND CAUSE OF ACTION
#### CLAIMS AGAINST THE EXECUTIVE DEFENDANTS
(GROSS NEGLIGENCE AND PUNITIVE DAMAGES)

238.  Plaintiffs incorporate by reference all allegations contained in this Complaint.

239.  At all relevant times, Tyson Foods employed the Executive Defendants in

managerial capacities.

240.    At all relevant times, the Executive Defendants were acting within the course and scope of their employment.

241.    The Executive Defendants had a duty to exercise reasonable care to prevent injuries to employees such as Felicie Joseph.

242.    The Executive Defendants had years of advanced warnings about the dangers and unreasonable risk of physical harm to its workforce of an influenza-type pandemic and intentionally failed to act in conscious disregard of that risk.

243.    The Executive Defendants were regularly briefed on positive COVID-19 cases at Tyson Foods facilities and the number of Waterloo Facility employees with symptoms of COVID-19, and they learned that the virus had been detected at the Waterloo Facility within days of the first confirmed case yet took no action to slow production, provide the type of employee safety measures it used in China, or close the Waterloo Facility.

244.    The Executive Defendants breached their duties through acts and omissions including but not limited to:

      a.    Failing to develop or implement worksite assessments to identify COVID-19 risks and prevention strategies at the Waterloo plant until May 5, 2020;

      b.    Failing to develop or implement testing and workplace contact tracing of COVID-19 positive workers at the Waterloo plant;

      c.    Failing to develop and implement a comprehensive screening and monitoring strategy aimed at preventing the introduction of COVID-19 into the worksite, including a program to effectively screen workers before entry into the workplace; return to work criteria for workers infected with or exposed to COVID-19; and criteria for exclusion of sick or symptomatic workers;

      d.    Allowing or encouraging sick or symptomatic workers to enter or remain in the workplace;

e.      Failing to promptly isolate and send home sick or symptomatic workers;

f.      Failing to configure communal work environments so that workers were spaced at least six feet apart;

g.      Failing to modify the alignment of workstations, including those along processing lines, so that workers did not face one another;

h.      Failing to install physical barriers, such as strip curtains, plexiglass or similar materials, or other impermeable dividers or partitions, to separate or shield workers from each other;

i.      Failing to develop, implement or enforce appropriate cleaning, sanitation, and disinfection practices to reduce exposure or shield workers from COVID-19 at the Waterloo plant;

j.      Failing to provide all employees with appropriate personal protective equipment, including face coverings or respirators;

k.      Failing to require employees to wear face coverings;

l.      Failing to provide sufficient hand washing or hand sanitizing stations throughout the Waterloo Facility;

m.      Failing to provide safe and isolated break rooms and cafeteria areas;

n.      Failing to slow production in order to operate with a reduced work force;

o.      Failing to develop, implement or enforce engineering or administrative controls to promote social distancing;

p.      Failing to modify, develop, implement, promote, and educate workers, including those with limited or non-existent English language abilities, on revised sick leave, attendance or incentive policies to ensure that sick or symptomatic workers stay home;

q.      Failing to ensure that workers, including those with limited or non-existent English language abilities, were aware of and understood modified sick leave, attendance or incentive policies;

r.      Failing to ensure adequate ventilation in work areas to help minimize workers' potential exposures and failing to minimize air from fans blowing from one worker directly at another worker;

s.      Failing to establish, implement, promote, and enforce a system for workers, including those with limited or non-existent English language abilities, to

alert supervisors if they are experiencing signs or symptoms of COVID-19 or if they have had recent close contact with a suspected or confirmed COVID-19 case;

t.     Failing to inform workers, including those with limited or non-existent English language abilities, who have had close contact with a suspected or confirmed COVID-19 case;

u.     Failing to educate and train workers and supervisors, including those with limited or non-existent English language abilities, about how they can reduce the spread of, and prevent exposure to COVID-19;

v.     Failing to encourage or require workers, including those with limited or non-existent English language abilities, to stay home when sick;

w.     Failing to inform or warn workers that persons suspected or known to have been exposed to COVID-19 at other Tyson plants, including the Columbus Junction Facility, were permitted to enter the Waterloo Facility without adequately quarantining or testing negative for COVID-19 prior to entry;

x.     Operating the Waterloo Facility in a manner that resulted in more than 1,000 infected employees and five deaths;

y.     Directing managers and supervisors to make false and fraudulent misrepresentations on behalf of Tyson Foods as set forth in the First Cause of Action above;

z.     Failing to provide and maintain a safe work environment free from recognized hazards that cause or are likely to cause serious physical harm or death;

aa.     Failing to take reasonable precautions to protect workers from foreseeable dangers;

bb.     Failing to abide by State and Federal rules, regulations, and guidance;

cc.     Failing to abide by State and Federal OSHA standards, directives, and guidance, including Iowa's General Duty Clause, I.C. § 88.4;

dd.     Disseminating, publishing, or causing publication of false and misleading information about the spread of COVID-19 in the Waterloo Tyson Facility; and

ee.     Failing to exercise reasonable care under all of the circumstances, including but not limited to availing themselves of protections and measures already being used in other Tyson meat packing facilities, particularly in China.

245.    The Executive Defendants' acts and omissions were grossly negligent, reckless, intentional, and constituted willful and wanton disregard for the safety of workers.

246.    The Executive Defendants engaged in gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of Tyson workers, including Felicie Joseph.

247.    The Executive Defendants knew of the danger to be apprehended (i.e., an uncontrolled COVID-19 outbreak at the Waterloo Facility probable to result in illness or death).

248.    The Executive Defendants were fully informed of prior COVID-19 outbreaks at Tyson facilities in China, Columbus Junction, and Camilla, Georgia, and they knew that three employees at the Camilla plant had died from COVID-19 during the first week of April.

249.    The Executive Defendants authorized or directed the Columbus Junction plant to temporarily close on April 6, 2020, after learning that approximately 29 team members tested positive for COVID-19 the day prior. Despite this knowledge, Executive Defendants refused to slow or pause production at the Waterloo Facility even after learning that hundreds of employees were calling in sick in March and April with symptoms of COVID-19.

250.    The Executive Defendants knew from the moment they learned that COVID-19 had been detected at the Waterloo Facility that any failure to take prompt and appropriate action (see ¶ 244(a)-(ee)) would almost certainly lead to an uncontrolled COVID-19 outbreak at the facility resulting in serious injury or death.

251.    The Executive Defendants determined that slowing or pausing production at the Waterloo Facility would cost the company millions of dollars per day.

252.    As a result, the Executive Defendants forbade Defendant Tom Hart from slowing or pausing production at the Waterloo Facility, directed Mr. Hart to keep the facility running at full production at all costs for as long as possible, and directed Defendants Mary Jones and James

Hook not to track the number of COVID-19 infections at the facility and not to perform contact tracing within the facility.

253.    As the Waterloo outbreak progressed and worsened, the Executive Defendants were regularly briefed on the horrific conditions within the plant.

254.    The Executive Defendants knew or should have known that their conduct was probable to cause injury to employees.

255.    The Executive Defendants consciously failed to avoid the danger of unsafely operating the Waterloo Facility, and they recognized the danger of a COVID-19 outbreak at the facility and failed to take sufficient precautions to avoid an outbreak and protect workers.

256.    The Executive Defendants' acts and omissions directly and proximately caused Plaintiffs' injuries and were a substantial factor in causing those injuries.

257.    The Executive Defendants' prolonged refusal to slow production or temporarily close the Waterloo Facility despite knowing that several hundred workers were sick with symptoms of COVID-19, despite knowing that many workers at the plant had tested positive for COVID-19, and despite knowing that COVID-19 was rapidly spreading through the workforce at the Waterloo Facility is evidence of their incorrigible, willful and wanton disregard for workplace safety and culpable state of mind.

258.    The Executive Defendants knowingly and intentionally prioritized company profits over the health, safety and well-being of Tyson's Waterloo employees.

259.    The Executive Defendants' lobbying efforts for liability and shutdown protections, while simultaneously failing to protect workers from COVID-19 is further evidence of their incorrigible, willful and wanton disregard for workplace safety and culpable state of mind.

260.    An award of punitive damages is necessary to punish the Executive Defendants for

their willful and wanton disregard for workplace safety and to deter them and other similarly situated executives and companies from jeopardizing workers' lives in the future.

### THIRD CAUSE OF ACTION
### CLAIMS AGAINST THE SUPERVISORY DEFENDANTS
(GROSS NEGLIGENCE, FRAUDULENT MISREPRESENTATION AND PUNITIVE DAMAGES)

261.    Plaintiffs incorporate by reference all allegations contained in this Complaint.

262.    At all relevant times, Tyson Foods employed the Supervisory Defendants in managerial capacities.

263.    At all relevant times, the Supervisory Defendants were within the course and scope of their employment.

264.    The Supervisory Defendants had a duty to exercise reasonable care to provide a reasonably safe workplace and to prevent injuries to employees such as Felicie Joseph.

265.    The Supervisory Defendants breached their duty through acts and omissions including but not limited to:

    a.    Failing to develop or implement worksite assessments to identify COVID-19 risks and prevention strategies at the Waterloo plant;

    b.    Failing to develop or implement testing and workplace contact tracing of COVID-19 positive workers at the Waterloo plant;

    c.    Failing to develop and implement a comprehensive screening and monitoring strategy aimed at preventing the introduction of COVID-19 into the worksite, including a program of screening workers before entry into the workplace; return to work criteria for workers infected with or exposed to COVID-19; and criteria for exclusion of sick or symptomatic workers;

    d.    Allowing or encouraging sick or symptomatic workers to enter or remain in the workplace;

    e.    Failing to promptly isolate and send home sick or symptomatic workers;

    f.    Failing to configure communal work environments so that workers are spaced at least six feet apart;

    g.    Failing to modify the alignment of workstations, including along processing lines, so that workers do not face one another;

h.      Failing to install physical barriers, such as strip curtains, plexiglass or similar materials, or other impermeable dividers or partitions, to separate or shield workers from each other;

i.      Failing to develop, implement or enforce appropriate cleaning, sanitation, and disinfection practices to reduce exposure or shield workers from COVID-19 at the Waterloo plant;

j.      Failing to provide all employees with appropriate personal protective equipment, including face coverings or respirators;

k.      Failing to require employees to wear face coverings;

l.      Failing to provide sufficient hand washing or hand sanitizing stations throughout the Waterloo Facility;

m.      Failing to slow production in order to operate with a reduced work force;

n.      Failing to develop, implement or enforce engineering or administrative controls to promote social distancing;

o.      Failing to modify, develop, implement, promote, and educate workers, including those with limited or non-existent English language abilities, on revised sick leave or incentive policies to ensure that sick or symptomatic workers are not in the workplace;

p.      Failing to ensure that workers, including those with limited or non-existent English language abilities, were aware of and understood modified sick leave or incentive policies;

q.      Failing to ensure adequate ventilation in work areas to help minimize workers' potential exposures and failing to minimize air from fans blowing from one worker directly at another worker;

r.      Failing to establish, implement, promote, and enforce a system for workers, including those who with limited or non-existent English language abilities, to alert their supervisors if they are experiencing signs or symptoms of COVID-19 or if they have had recent close contact with a suspected or confirmed COVID-19 case;

s.      Failing to inform workers, including those with limited or non-existent English language abilities, who have had close contact with a suspected or confirmed COVID-19 case;

t.      Failing to educate and train workers and supervisors, including those with

limited or non-existent English language abilities, about how they can reduce the spread of, and prevent exposure to COVID-19;

u.    Failing to encourage or require workers, including those with limited or non-existent English language abilities, to stay home when sick;

v.    Failing to inform or warn workers that persons suspected or known to have been exposed to COVID-19 at other Tyson plants, including the Columbus Junction Facility, were permitted to enter the Waterloo Facility without adequately quarantining or testing negative for COVID-19 prior to entry;

w.    Operating the Waterloo Facility in a manner that resulted in more than 1,000 infected employees and five deaths;

x.    Making false and fraudulent misrepresentations on behalf of Tyson Foods as set forth in the First Cause of Action above;

y.    Failing to provide and maintain a safe work environment free from recognized hazards that are causing or are likely to cause serious physical harm or death;

z.    Failing to take reasonable precautions to protect workers from foreseeable dangers;

aa.    Failing to abide by State and Federal rules, regulations, and guidance;

bb.    Failing to abide by State and Federal OSHA standards, directives, and guidance, including Iowa's General Duty Clause, I.C. § 88.4;

cc.    Disseminating, publishing, or causing publication of false and misleading information about the spread of COVID-19 in the Waterloo Tyson Facility; and

dd.    Failing to exercise reasonable care under all of the circumstances, including but not limited to availing themselves of protections and measures already being used in other Tyson meat packing facilities, particularly those in China.

266.    The Supervisory Defendants' acts and omissions were grossly negligent, reckless, intentional, and constituted willful and wanton disregard for the safety of workers.

267.    The Supervisory Defendants engaged in gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of Tyson workers, including Felicie Joseph.

268. The Supervisory Defendants knew of the danger to be apprehended (i.e., an uncontrolled COVID-19 outbreak at the Waterloo Facility probable to result in illness or death).

269. The Supervisory Defendants knew or should have known that their affirmative conduct or inaction (see ¶ 265(a)-(dd) would almost certainly cause employees to become infected with COVID-19 at the facility resulting in serious injury or death.

270. The Supervisory Defendants consciously failed to avoid the danger. They recognized the danger of a COVID-19 outbreak at the facility and failed to take sufficient precautions to avoid an outbreak.

271. The Supervisory Defendants' acts and omissions directly and proximately caused Plaintiffs' injuries and were a substantial factor in causing those injuries.

272. The Supervisory Defendants made fraudulent misrepresentations to the Waterloo workforce. They made false statements concerning the presence and spread of COVID-19 at the Waterloo Facility, the importance of protecting and keeping employees safe, the breadth and efficacy of safety measures implemented at the facility, and the importance of keeping the facility open. The Supervisory Defendants knew these representations were false; they knew or should have known it was wrong to make such false representations; and they intended to deceive and induce Waterloo employees, including Felicie Joseph to continue working despite the danger of COVID-19.

273. The Supervisory Defendants falsely represented to Felicie Joseph, and others workers at the Waterloo Facility that:

     a.    COVID-19 had not been detected at the facility;

     b.    COVID-19 was not spreading through the facility;

     c.    Worker absenteeism was unrelated to COVID-19;

    d.      Sick workers were not permitted to enter the facility;

    e.      Workers from other Tyson plants that had shut down due to COVID-19 outbreaks were not permitted to enter the Waterloo facility;

    f.      Sick or symptomatic workers would be sent home immediately and would not be permitted to return until cleared by health officials;

    g.      Workers would be notified if they had been in close contact with an infected co-worker;

    h.      Tyson's "top priority" is the health and safety of its "team members;"

    i.      Safety measures implemented at the facility would prevent the spread of COVID-19 and protect workers from infection;

    j.      The Waterloo Facility needed to stay open in order to avoid U.S. meat shortages;

    k.      The Waterloo Facility was a safe work environment; and

    l.      Tyson Foods was protecting its workers to the best of its ability, in the same manner or better than its workers around the world.

274.    The Supervisory Defendants knew these representations were false and knew or should have known that it was wrong to make such false representations.

275.    These representations were material in that Felicie Joseph would not have continued coming to work had she been informed of the extent of the COVID-19 outbreak at the Waterloo Facility.

276.    The Supervisory Defendants intended by these false representations to deceive workers at the Waterloo facility, including Felicie Joseph, and to induce them to continue working at the facility while COVID-19 was rampant in the plant despite outbreak the associated and known health risks.

277.    Felicie Joseph and others accepted and relied on the Supervisory Defendants' representations as true, and were justified in doing so.

278. The Supervisory Defendants thereby induced Felicie Joseph, and others to continue working at the Waterloo Facility.

279. The Supervisory Defendants' false representations directly and proximately caused Plaintiffs' injuries and were a substantial factor in causing Plaintiff's injuries.

280. The Supervisory Defendants' fraudulent misrepresentations and prolonged refusal to temporarily close down the Waterloo Facility despite knowing that several hundred Waterloo employees were sick with symptoms of COVID-19, despite knowing that many workers at the plant had tested positive for COVID-19, and despite knowing that COVID-19 was rapidly spreading through the workforce at the Waterloo Facility is evidence of their incorrigible, willful and wanton disregard for workplace safety and culpable state of mind.

281. An award of punitive damages is necessary to punish the Supervisory Defendants for their willful and wanton disregard for workplace safety and to deter them and other similarly situated supervisors and companies from jeopardizing workers' lives in the future.

### FOURTH CAUSE OF ACTION
### CLAIMS AGAINST DEFENDANTS MARY JONES AND DEBRA ADAMS
(GROSS NEGLIGENCE, BREACH OF DUTY, AND PUNITIVE DAMAGES)

282. Plaintiff incorporate each allegation set forth above herein.

283. Defendants Mary Jones and Debra Adams, as Occupational Nurses, had a duty to make efforts to keep the Waterloo Facility and its workers safe using known occupational health nursing standards.

284. Defendants Mary Jones and Debra Adams had knowledge that COVID-19 could seriously injure or kill plant workers as early as March of 2020.

285. Defendants Mary Jones and Debra Adams were aware of the shutdown of Columbus Junction Tyson facility on April 6, 2020, due to the alarming rate of COVID-19 in the plant at Columbus Junction Iowa.

286. Defendants Mary Jones and Debra Adams were aware of the constantly multiplying "call-ins" for plant workers due to COVID-19 symptoms during a pandemic. These "call ins" were already at ninety workers by April 1st and escalating.

287. Defendants Mary Jones and Debra Adams were purposely and intentionally not tabulating or determining how many facility plant workers had COVID-19 until after the Waterloo Facility was shut down on April 23, 2020.

288. Neither Defendant Mary Jones nor Defendant Debra Adams enforced the well-known requirement for contact tracing of employees with COVID-19 symptoms or known positive COVID-19 test results. The Waterloo Facility never performed contact tracing of employees of the Waterloo Facility or kept any record of attempt to contract trace of employees they knew had been exposed to other employees with COVID-19 symptoms or positive test results.

289. Defendants Mary Jones and Debra Adams were grossly negligent and acted with wanton neglect when they violated established occupational nursing standards including but not limited to the following:

    a) Failing to investigate why workers at Waterloo Plant were calling in sick with COVID-19 symptoms in large numbers in late March and early April of 2022;

    b) Failing to track and/or tabulate the number of Waterloo Facility employees who had COVID-19 in April up until the shutdown on April 23, 2020;

    c) Failing to make sure that COVID-19 contact tracing was done at that Waterloo Facility.

    d) Requiring and/or allowing workers who were sick to continue to work in the Plant with COVID-19 symptoms while their COVID-19 test results were pending;

    e) Failing to develop intervention actions to limit the hazards of COVID-19 in the Waterloo Facility;

    f) Failing to perform a COVID-19 health hazard assessment for Waterloo Facility employees;

g) Failing to systematically assess the health status of the Waterloo Facility employees;

h) Failing to inform Waterloo Facility employees that COVID-19 cases were present in the plant;

i) Failing to warn Waterloo Facility employees that COVID-19 cases were present in the plant;

j) Failing and/or refusing to cooperate with Black Hawk County Health Department officials.

290. Defendants Mary Jones and Debra Adams failure to follow established occupational health nursing procedures was gross negligence and wanton neglect was a cause of COVID-19 spread throughout the Tyson Waterloo Facility.

291. By April 1, 2020, Defendants Mary Jones and Debra Adams knew it was highly probable that COVID-19 would spread throughout the waterloo plant and seriously injure or cause death to Tyson Waterloo Facility plant workers.

292. Defendants Mary Jones and Debra Adams grossly negligent failure to follow established occupational health nursing standards directly and proximately caused Plaintiff's injuries and were a substantial factor in causing Plaintiff's injuries.

293. Defendant Mary Jones's and Defendant Debra Adams's negligent, willful and wanton acts or omissions as set forth in this cause of action was a cause of Plaintiff's injuries, including the death of Felicie Joseph.

294. Defendants Mary Jones's and Debra Adams's egregious conduct in failing to follow established occupational health nursing standards was done in reckless, willful, and wanton disregard for the rights and safety of Plaintiffs meriting an award of punitive damages.

<u>**PRAYER FOR RELIEF**</u>

Plaintiffs respectfully requests that the Court enter Judgment against Defendants for:

I.     Economic damages in an amount consistent with the allegations in the Complaint and the proof at trial;

II.     Non-economic damages in an amount consistent with the allegations in this Complaint and the proof at trial;

III.     Punitive damages in an amount sufficient to punish the Defendants for their egregious, life-threatening misconduct and to deter similar misconduct in the future; and

IV.     Costs, interest and all other relief to which the Plaintiff is entitled by law or equity.

DATED this 18th day of April 2022.

*/s/ Thomas P. Frerichs*
Thomas P. Frerichs (AT0002705)
Frerichs Law Office, P.C.
106 E. 4th Street, P.O. Box 328
Waterloo, IA 50704-0328
319.236.7204 / 319.236.7206 (fax)
tfrerichs@frerichslaw.com

John J. Rausch (AT0006398)
Rausch Law Firm, PLLC
3909 University Ave., P.O. Box 905
Waterloo, IA 50704-0905
319.233.35557 / 319.233.3558 (fax)
rauschlawfirm@dybb.com

Mel C. Orchard, III (AT0014866)
G. Bryan Ulmer, III (pending *pro hac vice*)
Gabriel Phillips (pending *pro hac vice*)
The Spence Law Firm, LLC
15 S. Jackson Street
Jackson, WY 83001
307.337.1283 / 307.337.3835 (fax)
orchard@spencelawyers.com
ulmer@spencelawyers.com
phillips@spencelawyers.com

*Attorneys for the Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues related to the case.

DATED this 18th day of April 2022.

/s/ Thomas P. Frerichs
Thomas P. Frerichs (AT0002705)
Frerichs Law Office, P.C.

# IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

|  |  |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>    PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>    DEFENDANTS. | Case No. LACV145094<br><br>**ORIGINAL NOTICE** |

## TO THE ABOVE-NAMED DEFENDANT JOHN H. TYSON:

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title*  ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **04/20/2022 01:40:38 PM**



*District Clerk of Court or/by Clerk's Designee of*  Black Hawk  *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH, <br><br> PLAINTIFF, <br><br> V. <br><br> TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS. <br><br> DEFENDANTS. | Case No. <br><br> **ORIGINAL NOTICE** |

### TO THE ABOVE-NAMED DEFENDANT MARY JONES:

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

Case No.  **LACV145094**

County  **Black Hawk**

Case Title  ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

Date Issued  **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of*  Black Hawk        *County*
**/s/ Janell Slight**

**IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY**

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>DEFENDANTS. | Case No.<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT TOM HART:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title* ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>DEFENDANTS. | Case No.<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT DEAN BANKS:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action.  A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE:   The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title* ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH, <br><br> PLAINTIFF, <br><br> V. <br><br> TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS. <br><br> DEFENDANTS. | Case No. <br><br> **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT NOEL W. WHITE:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title* ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk     *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH, <br><br> PLAINTIFF, <br><br> V. <br><br> TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS. <br><br> DEFENDANTS. | Case No. <br><br> **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT STEPHEN R. STOUFFER:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title*    ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of*  Black Hawk        *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>        PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>        DEFENDANTS. | Case No.<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT TOM BROWER:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title* ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>DEFENDANTS. | Case No.<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT TYSON FOODS, INC.:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

Exhibit A; p. 76

# Iowa Judicial Branch

Case No. **LACV145094**

County **Black Hawk**

Case Title ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk County
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH, <br><br> PLAINTIFF, <br><br> V. <br><br> TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS. <br><br> DEFENDANTS. | Case No. <br><br> **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT TYSON FRESH MEATS, INC.:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action.  A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE:   The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

Exhibit A; p. 79

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title* ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk  *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>DEFENDANTS. | Case No.<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT BRET TAPKIN:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action.  A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE:   The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.*  **LACV145094**

*County*  **Black Hawk**

*Case Title*  ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of*  Black Hawk  *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>DEFENDANTS. | Case No.<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT CODY BRUSTKERN:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title*  ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of*  Black Hawk          *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH, <br><br> PLAINTIFF, <br><br> V. <br><br> TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS. <br><br> DEFENDANTS. | Case No. <br><br> **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT DEBRA ADAMS:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action.  A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE:   The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

**Iowa Judicial Branch**

*Case No.*   **LACV145094**

*County*   **Black Hawk**

*Case Title*   ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk    *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>DEFENDANTS. | Case No.<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT DOUG WHITE:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title* ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH,<br><br>PLAINTIFF,<br><br>V.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS.<br><br>DEFENDANTS. | Case No.<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT JAMES HOOK:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

Exhibit A; p. 94

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title* ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

---

*Scheduled Hearing:*

---

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk *County*
**/s/ Janell Slight**

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON AS ADMINISTRATOR OF THE ESTATE OF FELICIE JOSEPH, <br><br> PLAINTIFF, <br><br> V. <br><br> TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, AND DEBRA ADAMS. <br><br> DEFENDANTS. | Case No. <br><br> **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT JOHN CASEY:**

You are hereby notified that a Petition is now on file in the office of the clerk of this court naming you in this action. A copy of the petition is attached to this notice. The Plaintiff's attorneys are Thomas P. Frerichs, Frerichs Law Office, PC, 106 East 4th Street, PO Box 328, Waterloo, Iowa 50704-0328 and John J. Rausch, Rausch Law Firm, PLLC, 3909 University Ave., P.O. Box 905, Waterloo, IA 50704-0905.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

NOTE: The attorney who is expected to represent you should be promptly advised by you of the service of this notice.

**If you require the assistance of auxiliary aids or services to participate in court because of a**

**disability, immediately call your district ADA coordinator at (319) 833-3332.   (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)**

# Iowa Judicial Branch

*Case No.* **LACV145094**

*County* **Black Hawk**

*Case Title* ANN WILSON ET AL VS TYSON FOODS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/19/2022 12:05:57 PM**



*District Clerk of Court or/by Clerk's Designee of* Black Hawk  *County*
**/s/ Janell Slight**

IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | | |
|---|---|---|
| ANN K. WILSON, as Administrator of the ESTATE OF FELICIE JOSEPH, | ) ) ) | LAW NO. LACV145094 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, and DEBRA ADAMS, | ) ) ) ) ) ) ) ) ) ) ) | **ACCEPTANCE OF SERVICE ON BEHALF OF TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER** |
| Defendants. | ) ) | |

COMES NOW the undersigned counsel, pursuant to Iowa Rule of Civil Procedure 1.305 and hereby accepts service of process of Plaintiff's Petition at Law, LACV145094, on behalf of Defendants, Tyson Foods, Inc., Tyson Fresh Meats, Inc., John H. Tyson, Noel W. White, Dean Banks, Stephen R. Stouffer, and Tom Brower.

By filing this acceptance of service of Plaintiff's Petition at Law, and in light of Defendants' forthcoming petition for certiorari in the U.S. Supreme Court in the consolidated appeal of *Buljic v. Tyson Foods, Inc. et al.,* LACV140521 and *Fernandez v. Tyson Foods Inc. et al.,* LACV140822, the above named Defendants keep all defenses or objections to Plaintiff's Petition at Law, the court's jurisdiction, including without limitation

subject matter and personal jurisdiction, and the venue of the action, but they waive any

objections to insufficiency of the original notice or its service.

/s Kevin J. Driscoll
Kevin J. Driscoll          AT0002245
FINLEY LAW FIRM, PC
699 Walnut Street, Ste 1700
Des Moines, IA 50309
Telephone:  515-288-0145
Facsimile:  515-288-2724
E-mail:  kdriscoll@finleylaw.com
ATTORNEY FOR DEFENDANTS
TYSON FOODS, INC., TYSON FRESH
MEATS, INC., JOHN H. TYSON,
NOEL W. WHITE, DEAN BANKS,
STEPHEN R. STOUFFER, TOM
BROWER

Original filed.

Copy to:

Thomas P. Frerichs (AT0002705)
FRERICHS LAW OFFICE, P.C.
106 E. 4th Street, P.O. Box 328
Waterloo, IA 50704-0328
Telephone: 319.236.7204
Facsimile: 319.236.7206
Email: tfrerichs@frerichslaw.com

John J. Rausch (AT0006398)
RAUSCH LAW FIRM, PLLC
3909 University Ave., P.O. Box 905
Waterloo, IA 50704-0905
Telephone: 319.233.3557
Facsimile: 319.233.3558
Email: rauschlawfirm@dybb.com

Mel C. Orchard, III (*pro hac vice pending*)
G. Bryan Ulmer, III (*pro hac vice pending*)
Gabriel Phillips (*pro hac vice pending*)

THE SPENCE LAW FIRM, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
Telephone: 307.337.1283
Facsimile: 307.337.3835
Email: orchard@spencelawyers.com
        ulmer@spencelawyers.com
        phillips@spencelawyers.com
ATTORNEYS FOR THE PLAINTIFF

Nicholas Klinefeldt
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: 515.447.4717
Facsimile:  515.248.9010
Email:  nick.klinefeldt@faegredrinker.com
ATTORNEYS FOR DEFENDANTS TOM HART,
CODY BRUSTKERN, JOHN CASEY, and BRET TAPKEN

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the _19th____ of _____May_____, 2022 by:

☐ U.S. Mail                  ☐ FAX
☐ Hand Delivered             ☐ UPS
☐ Federal Express            ☒ Electronic Filing
☐ Other _____

/s/  Leah Swanson_____

3

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON as Administrator of the ESTATE OF FELICIE JOSEPH,<br><br>      Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC. TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES and DEBRA ADAMS<br><br>      Defendants. | Case No. LACV145094<br><br>**ACCEPTANCE OF SERVICE** |

COMES NOW, attorney Nick Klinefeldt, and represents that he is duly authorized to and hereby does waive formal service and accept service of process of the Petition and Original Notice on behalf of Defendants, Tom Hart, Cody Brustkern, John Casey, Bret Tapken, and James Hook effective on May 19, 2022.

DATE: May 19, 2022

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas Klinefeldt, AT000877
*nick.klinefeldt@faegredrinker.com*
David Yoshimura, AT0012422
*david.yoshimura@faegredrinker.com*
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8003
T: (515) 248-9000
F: (515) 248-9010

**ATTORNEYS FOR DEFENDANTS TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKIN, AND JAMES HOOK**

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, I electronically filed the Acceptance of Service and served upon all EDMS registered parties through the Court's electronic filing system.

.

/s/ Paulette Ohnemus

2

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| ANN K. WILSON as Administrator of the ESTATE OF FELICIE JOSEPH, | Case No. LACV145094 |
| Plaintiff, | **NOTICE OF APPEARANCE OF NICHOLAS KLINEFELDT AND DAVID YOSHIMURA** |
| v. | |
| TYSON FOODS, INC. TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES and DEBRA ADAMS | |
| Defendants. | |

Nick Klinefeldt and David Yoshimura of the law firm of Faegre Drinker Biddle & Reath, LLP, hereby respectfully enter their Appearance as counsel in this matter for and on behalf of Defendants Tom Hart, Cody Brustkern, John Casey, Bret Tapken, and James Hook in the above-captioned cause of action.

DATE: May 19, 2022

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*

Nicholas Klinefeldt, AT000877
*nick.klinefeldt@faegredrinker.com*
David Yoshimura, AT0012422
*david.yoshimura@faegredrinker.com*
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8003
T: (515) 248-9000
F: (515) 248-9010

**ATTORNEYS FOR DEFENDANTS TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKIN, AND JAMES HOOK**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2022, I electronically filed the Acceptance of Service and served upon all EDMS registered parties through the Court's electronic filing system.

.

/s/ Paulette Ohnemus

US.350175219.01

2

IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | | |
|---|---|---|
| ANN K. WILSON, as Administrator of the ESTATE OF FELICIE JOSEPH, | ) ) ) | LAW NO. LACV145094 |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) ) | |
| | ) | **ACCEPTANCE OF SERVICE ON** |
| TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, and DEBRA ADAMS, | ) ) ) ) ) ) ) ) ) ) | **BEHALF OF DOUG WHITE, MARY JONES, AND DEBRA ADAMS** |
| | ) | |
| Defendants. | ) ) | |

COMES NOW the undersigned counsel, pursuant to Iowa Rule of Civil Procedure 1.305 and hereby accepts service of process of Plaintiff's Petition at Law, LACV145094, on behalf of Defendants, Doug White, Mary Jones, and Debra Adams.

By filing this acceptance of service of Plaintiff's Petition at Law, and in light of Defendants' forthcoming petition for certiorari in the U.S. Supreme Court in the consolidated appeal of *Buljic v. Tyson Foods, Inc. et al.,* LACV140521 and *Fernandez v. Tyson Foods Inc. et al.,* LACV140822, the above named Defendants keep all defenses or objections to Plaintiff's Petition at Law, the court's jurisdiction, including without limitation subject matter and personal jurisdiction, and the venue of the action, but they waive any objections to insufficiency of the original notice or its service.

 /s  Kevin J. Driscoll

Kevin J. Driscoll          AT0002245
FINLEY LAW FIRM, PC
699 Walnut Street, Ste 1700
Des Moines, IA 50309
Telephone:  515-288-0145
Facsimile:  515-288-2724
E-mail:  kdriscoll@finleylaw.com
ATTORNEY FOR DEFENDANTS
TYSON FOODS, INC., TYSON FRESH
MEATS, INC., JOHN H. TYSON,
NOEL W. WHITE, DEAN BANKS,
STEPHEN R. STOUFFER, TOM
BROWER, DOUG WHITE, MARY
JONES, AND DEBRA ADAMS

Original filed.

Copy to:

Thomas P. Frerichs (AT0002705)
FRERICHS LAW OFFICE, P.C.
106 E. 4th Street, P.O. Box 328
Waterloo, IA 50704-0328
Telephone: 319.236.7204
Facsimile: 319.236.7206
Email: tfrerichs@frerichslaw.com

John J. Rausch (AT0006398)
RAUSCH LAW FIRM, PLLC
3909 University Ave., P.O. Box 905
Waterloo, IA 50704-0905
Telephone: 319.233.3557
Facsimile: 319.233.3558
Email: rauschlawfirm@dybb.com

Mel C. Orchard, III (*pro hac vice pending*)
G. Bryan Ulmer, III (*pro hac vice pending*)
Gabriel Phillips (*pro hac vice pending*)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street
P.O. Box 548

Jackson, WY 83001
Telephone: 307.337.1283
Facsimile: 307.337.3835
Email: orchard@spencelawyers.com
       ulmer@spencelawyers.com
       phillips@spencelawyers.com
ATTORNEYS FOR THE PLAINTIFF

Nicholas Klinefeldt
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: 515.447.4717
Facsimile:  515.248.9010
Email:  nick.klinefeldt@faegredrinker.com
ATTORNEYS FOR DEFENDANTS TOM HART,
CODY BRUSTKERN, JOHN CASEY, and BRET TAPKEN

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon
one of the attorneys of record for all parties to the above-entitled cause by serving the same on
such attorney at his/her respective address/fax number as disclosed by the pleadings of record
herein, on the 24th of May, 2022 by:

☐ U.S. Mail                    ☐ FAX
☐ Hand Delivered               ☐ UPS
☐ Federal Express              ☒ Electronic Filing
☐ Other _____

/s/  Leah Swanson    _____

3

**Rule 31.25—Form 1:** *Application for Admission Pro Hac Vice--District Court*

| **Iowa District Court for** Black Hawk **County** | |
|---|---|
| *County where your case is filed* | |

| Ann K. Wilson as Administrator of the Estate of Felicie Joseph <br><br> **Plaintiff(s)** <br> *Full name: first, middle, last* <br><br> vs. <br><br> Tyson Foods, Inc., Tyson Fresh Meats, Inc. et. al <br><br><br> **Defendant(s)** <br> *Full name: first, middle, last* | Case no. LACV145094 <br><br> **Application for Admission** <br> **Pro Hac Vice--District Court** <br> Iowa Court Rule 31.14 |

## 1. Application

The undersigned seeks permission to appear pro hac vice in the above-captioned proceeding.
*Applicant must complete all of the following:*
If this matter involves review of an agency action, did the applicant seek admission pro hac vice in the proceedings below? ☐ Yes ☒ No
*If yes, attach copies of all related documents.*

a. Applicant's full name, residential address, email address, and business address.

| G. Bryan Ulmer, III | ulmer@spencelawyers.com | | |
|---|---|---|---|
| *Full name: first, middle, last* | *Email address* | | |
| P.O. Box 548 | Jackson | WY | 83001 |
| *Mailing address* | *City* | *State* | *ZIP code* |
| 15 South Jackson St. | Jackson | WY | 83001 |
| *Business address* | *City* | *State* | *ZIP code* |

b. The name, address, and telephone number of each client to be represented.

Anne Wilson, Viner Law Firm PC, 228 2nd St. SE, Cedar Rapids, IA 52401, Ph: (319) 531-1333

c. The courts before which the applicant has been admitted to practice and the respective periods of admission and any jurisdiction in which the out-of-state lawyer has been licensed to practice as a foreign legal consultant and the respective period of licensure.

State of WY (1995-present), State of CO (1996-present), State of IA (2021-present), State of NM (2021-present),U.S. District Court of WY (1995-present), U.S. District Court of CO (2000-present), U.S. District Court Central Illinois (1998-present), U.S. District Court of NM (2021-present), U.S. District Court of NE (2018-present), 8th Circuit Court of Appeals (2021-present), 10th Circuit Court of Appeals (1996-present), U.S. Supreme Court (2003-present)

d. Has the applicant ever been denied admission pro hac vice in this state?

☐ Yes ☒ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

e.   Has the applicant ever had admission pro hac vice revoked in this state?

☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

f.   Has the applicant ever been denied admission in any jurisdiction for reasons other than failure of a bar examination?   ☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

g.   Has the applicant ever been formally disciplined or sanctioned by any court in this state?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

h.   Has the applicant ever been the subject of any injunction, cease-and-desist letter, or other action arising from a finding that the applicant engaged in the unauthorized practice of law in this state or elsewhere?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

i.   Has any formal, written disciplinary proceeding ever been brought against the applicant by a disciplinary authority or unauthorized practice of law commission in any other jurisdiction within the last five years?   ☐ Yes   ☒ No

*If yes, on a separate page specify as to each such proceeding: the nature of the allegations, the name of the person or authority bringing such proceedings, the date the proceedings were initiated and finally concluded, the style of the proceedings, and the findings made and actions taken in connection with those proceedings. Attach copies of all related documents.*

j.   Has the applicant ever been placed on probation by a disciplinary authority in any other jurisdiction?   ☐ Yes   ☒ No

*If yes, on a separate page specify the jurisdiction, caption of the proceedings, the terms of the probation, and what findings were made. Attach copies of all related documents.*

k.   Has the applicant ever been held formally in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to the court's rules or orders?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the court before which such proceedings were conducted, the date of the contempt order or sanction, the caption of the proceedings, and the substance of the court's rulings. Attach to this application a copy of the written order or a transcript of the oral ruling and other related documents.*

l.   Has the applicant filed an application to appear pro hac vice in this state within the preceding two years?   ☒ Yes   ☐ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page list the name and address of each court or agency and a full identification of each proceeding in which an application was filed, including the date and outcome of the application. Attach copies of all related documents.* See Exhibit B Attached

m. The applicant acknowledges familiarity with the rules of professional conduct, the disciplinary procedures of this state, the standards for professional conduct, the applicable local rules, and the procedures of the court before which the applicant seeks to practice. ☒ Yes ☐ No

n. List the name, address, telephone number, email address, and personal identification number of an in-state lawyer in good standing of the bar of this state who will sponsor the applicant's pro hac vice request.

| Thomas P. Frerichs | AT00002705 | tfrerichs@frerichslaw.com | |
| --- | --- | --- | --- |
| *Lawyer's name* | *PIN* | *Email address* | |
| 106 E. 4th Street, P.O. Box 328 | Waterloo | IA | 50704 |
| *Lawyer's address* | *City* | *State* | *ZIP code* |

o. The applicant acknowledges that service upon the in-state attorney in all matters connected with the proceedings will have the same effect as if personally made upon the applicant. ☒ Yes ☐ No

p. If the applicant has appeared pro hac vice in this state in five proceedings within the preceding two years, the applicant must, on a separate attached page, provide a statement showing good cause why the applicant should be admitted in the present proceeding.

q. On a separate attached page the applicant must provide any other information the applicant deems necessary to support the application for admission pro hac vice.

r. Has the applicant registered with the office of professional regulation and paid the fee as required by Iowa Court Rule 31.14(11) within five years of the date of this application? ☒ Yes ☐ No

**Lawyer's Oath and Signature and Certificate of Service on next page**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

## 2. Oath and Signature

I, G. Bryan Ulmer, III _____, have read this Application, and I certify under

*Print your name*

penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is true and correct.

| ___May 26___ | ___ , 20 22___ | _____ |
| Signed on: *Month* *Day* *Year* | | *Your signature\** |

| P.O. Box 548 | Jackson | WY | 83001 |
| *Mailing address* | *City* | *State* | *ZIP code* |

| ( 307 ) 733-7290 | ulmer@spencelawyers.com | batchelder@spencelawyers.com |
| *Telephone number* | *Email address* | *Additional email address, if applicable* |

\* *If filing in paper, you must handwrite your signature on this form. If filing electronically, you may handwrite your signature on the form, scan the form, and then file it electronically, or, you may affix a digitized signature and file the form electronically.*

## Certificate of Service

The undersigned certifies a copy of this application was served on the following parties:

on the ___26th___ day of ___May___, 20 22

*Month* *Year*

by ☒ Personal delivery ☐ Deposit in the U.S. mail

_____/s/ Dawn Guthrie_____

*Signature of server*

# Exhibit A

Certificates of Good Standing

# CERTIFICATE OF THE CLERK OF THE
## SUPREME COURT
## OF THE
## STATE OF WYOMING

---

I, Shawna Goetz, Clerk of the Supreme Court of the State of Wyoming, hereby certify that, according to the records of my office:

### G. Bryan Ulmer III

was on the 19th day of October, 1995, duly admitted to practice as an Attorney and Counsellor at Law in all the courts of Wyoming; that the above admittee has never been disbarred or suspended; that no disciplinary proceedings are pending against this admittee; and that this admittee's name now appears on the Roll of Attorneys in this office as a member of the bar in good standing.



Given under my hand and the seal of said Court this 21st day of April, 2022.

Shawna Goetz, Clerk

by deputy



**STATE OF COLORADO, ss:**

I, __*Cheryl Stevens*__ , Clerk of the Supreme Court of t h e S t a t e o f Colorado, do hereby certify that

__*GEORGE BRYAN ULMER, III*__

has been duly licensed and admitted to practice as an

## ATTORNEY AND COUNSELOR AT LAW

within this State; and that his/her name appears upon the Roll of Attorneys and Counselors at Law in my office of date the __*6th*__ day of __*February*__ A.D. __*1996*__ and that at the date hereof the said __*GEORGE BRYAN ULMER, III*__ is in good standing a t this Bar.



**IN WITNESS WHEREOF**, *I have hereunto subscribed my name and affixed the Seal of said Supreme Court, at Denver, in said State, this* __*21st*__ *day of* __*April*__ *A.D.* __*2022*__

*Cheryl Stevens*
Clerk

By _____
Deputy Clerk

# Exhibit B

Iowa State Pro Hac Vice Previous Applications &
Supporting Documents

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JACOB EDWARD PLINER<br>VICTORIA ANN PLINER<br><br><br>Plaintiff(s)<br><br>VS.<br><br><br>CHASE DEOBOLD<br>IOWA PHYSICIANS CLINIC MEDICAL<br>FOUNDATION<br>CENTRAL IOWA HOSPITAL CORP<br>DANA M LOWRY<br>AUDREY K GRIES<br>CENTRAL IOWA HEALTH SYSTEM<br>ANGELA S COLLINS<br>JENNIFER THOMPSON<br><br><br>Defendant(s). | 05771  LACL150933<br><br>ORDER GRANTING MOTION<br>FOR ADMISSION PRO HAC VICE |

The Court has before it the Motion for Admission Pro Hac Vice filed by Emily Rankin and G. Bryan Ulmer, an attorney licensed and a member in good standing in the State of Wyoming and Colorado. Pursuant to Iowa Code Section 602.10111 and Iowa Court Rule 31.14, the Motion for Admission Pro Hac Vice should be granted.

**IT IS THE ORDER OF THE COURT** that the Motion for Admission Pro Hac Vice of Emily Rankin and G. Bryan Ulmer is **GRANTED** and said attorney may appear in and conduct matters before the Court in the above-captioned action.  The appearance of Ms. Rankin and Mr. Ulmer in this action shall subject them to knowledge of and compliance with all State and Local Rules of Court, as well as the contempt and sanction powers of this Court.

**IT IS SO ORDERED** this 12th day of August, 2021.

Copies:

In addition to all other persons entitled to a copy of this order, the Clerk shall provide a copy to the following:
G. Bryan Ulmer
Emily Rankin



State of Iowa Courts

**Case Number**          **Case Title**
LACL150933               JAKE PLINER ET AL V UNITYPOINT HEALTH ET AL
**Type:**                OTHER ORDER

So Ordered

_____

Sarah Crane, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2021-08-12 12:22:44

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| **HUS HARI BULJIC**<br>**ARTURO DE JESUS HERNANDEZ**<br>**MIGUEL ANGEL HERNANDEZ**<br>**HONORIO GARCIA**<br><br>**Plaintiff(s),**<br><br>**VS**<br><br>**TOM HART**<br>**MARK SMITH**<br>**ELIZABETH CROSTON**<br>**JAMES COOK**<br>**WALTER CIFUENTES**<br>**NOEL W WHITE**<br>**TYSON FOODS INC**<br>**GUSTAVO CABAREA**<br>**TYSON FRESH MEATS INC**<br>**PUM PISNG**<br>**ALEX BUFF**<br>**HAMDIJA BEGANOVIC**<br>**TOM BROWER**<br>**DEAN BANKS**<br>**MARY A OLEKSIUK**<br>**MUWI HLAWNCEU**<br>**RAMIZ MUHELJIC**<br>**CODY BRUSTKERN**<br>**STEPHEN R STOUFFER**<br>**JOHN H TYSON**<br>**JOHN CASEY**<br>**BRET TAPKEN**<br>**JAMES HOOK**<br><br>**Defendant(s),** | **Case No. 01071  LACV140521**<br><br>**ORDER ON APPLICATION**<br>**FOR ADMISSION PRO HAC VICE** |

On this day, the Court is presented with the Application for Admission Pro Hac Vice filed by Attorney G. Bryan Ulmer III of the law firm The Spence Law Firm LLC of Jackson , Wyoming.

The Application states that Attorney G. Bryan Ulmer III is sponsored by Thomas Frerichs, an attorney in good standing of the bar of this state.

No resistance has been filed.

Upon review, the Court finds:

The application should be granted. IT IS HEREBY ORDERED that the Application for Admission Pro Hac Vice is GRANTED. Attorney G. Bryan Ulmer III is hereby admitted to practice law in the State of Iowa for the limited purpose of representing the Plaintiff(s).


<u>Clerk to provide copies to:</u>
Counsel of Record
Unrepresented Parties

Exhibit A, p. 120



State of Iowa Courts

**Case Number**  **Case Title**
LACV140521   H BULJIC ETAL VS TYSON FOODS INC ETAL
**Type:**     OTHER ORDER

So Ordered

Kellyann M. Lekar, Chief District Court Judge,
First Judicial District of Iowa

Electronically signed on 2022-05-16 13:13:59

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| **OSCAR FERNANDEZ**<br>       **Plaintiff(s),**<br><br>**VS**<br><br>**MISSIA ABAD BERNAL**<br>**HAMDIJA BEGANOVIC**<br>**TOM BROWER**<br>**TYSON FRESH MEATS INC**<br>**JAMES HOOK**<br>**ELIZABETH CROSTON**<br>**JOHN H TYSON**<br>**NOEL W WHITE**<br>**TOM HART**<br>**MARY A OLEKSIUK**<br>**STEPHEN R STOUFFER**<br>**DEAN BANKS**<br>**RAMIZ MUHELJIC**<br>**TYSON FOODS INC**<br><br>       **Defendant(s),** | **Case No. 01071  LACV140822**<br><br>**ORDER ON APPLICATION**<br>**FOR ADMISSION PRO HAC VICE** |

On this day, the Court is presented with the Application for Admission Pro Hac Vice filed by Attorney G. Bryan Ulmer III of the law firm The Spencer Law Firm LLC of Jackson, Wyoming.

The Application states that Attorney G. Bryan Ulmer III is sponsored by Thomas Frerichs, an attorney in good standing of the bar of this state.

No resistance has been filed.

Upon review, the Court finds:

The application should be granted. IT IS HEREBY ORDERED that the Application for Admission Pro Hac Vice is GRANTED. Attorney G. Bryan Ulmer III is hereby admitted to practice law in the State of Iowa for the limited purpose of representing the Plaintiff(s).

Clerk to provide copies to:
Counsel of Record
Unrepresented Parties



State of Iowa Courts

**Case Number**       **Case Title**
LACV140822            O FERNANDEZ VS TYSON FOODS ET AL
**Type:**             OTHER ORDER

So Ordered

Kellyann M. Lekar, Chief District Court Judge,
First Judicial District of Iowa

Electronically signed on 2022-05-16 13:13:46

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*

| **Iowa District Court for** Black Hawk **County** | |
|---|---|
| *County where your case is filed* | |

| Lincoln Savings Bank, as Administrator of the Estate of Kabeya Axel Mukendi | Case no. LACV145270 |
|---|---|
| **Plaintiff(s)** *Full name: first, middle, last* | **Application for Admission Pro Hac Vice--District Court** Iowa Court Rule 31.14 |
| vs. Tyson Foods, Inc., Tyson Fresh Meats, Inc. et. al | |
| **Defendant(s)** *Full name: first, middle, last* | |

## 1. Application

The undersigned seeks permission to appear pro hac vice in the above-captioned proceeding.
*Applicant must complete all of the following:*
If this matter involves review of an agency action, did the applicant seek admission pro hac vice in the proceedings below? ☐ Yes ☒ No
*If yes, attach copies of all related documents.*

a. Applicant's full name, residential address, email address, and business address.

| G. Bryan Ulmer, III | ulmer@spencelawyers.com | | |
|---|---|---|---|
| *Full name: first, middle, last* | *Email address* | | |
| P.O. Box 548 | Jackson | WY | 83001 |
| *Mailing address* | *City* | *State* | *ZIP code* |
| 15 South Jackson St. | Jackson | WY | 83001 |
| *Business address* | *City* | *State* | *ZIP code* |

b. The name, address, and telephone number of each client to be represented.
Lincoln Savings Bank, 242 Tower Park Drive, Waterloo, IA 50701, Ph: (319) 874-4167

c. The courts before which the applicant has been admitted to practice and the respective periods of admission and any jurisdiction in which the out-of-state lawyer has been licensed to practice as a foreign legal consultant and the respective period of licensure.

State of WY (1995-present), State of CO (1996-present), State of IA (2021-present), State of NM (2021-present),U.S. District Court of WY (1995-present), U.S. District Court of CO (2000-present), U.S. District Court Central Illinois (1998-present), U.S. District Court of NM (2021-present), U.S. District Court of NE (2018-present), 8th Circuit Court of Appeals (2021-present), 10th Circuit Court of Appeals (1996-present), U.S. Supreme Court (2003-present)

d. Has the applicant ever been denied admission pro hac vice in this state?
☐ Yes ☒ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

e.    Has the applicant ever had admission pro hac vice revoked in this state?

☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

f.    Has the applicant ever been denied admission in any jurisdiction for reasons other than failure of a bar examination?   ☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

g.    Has the applicant ever been formally disciplined or sanctioned by any court in this state?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

h.    Has the applicant ever been the subject of any injunction, cease-and-desist letter, or other action arising from a finding that the applicant engaged in the unauthorized practice of law in this state or elsewhere?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

i.    Has any formal, written disciplinary proceeding ever been brought against the applicant by a disciplinary authority or unauthorized practice of law commission in any other jurisdiction within the last five years?   ☐ Yes   ☒ No

*If yes, on a separate page specify as to each such proceeding: the nature of the allegations, the name of the person or authority bringing such proceedings, the date the proceedings were initiated and finally concluded, the style of the proceedings, and the findings made and actions taken in connection with those proceedings. Attach copies of all related documents.*

j.    Has the applicant ever been placed on probation by a disciplinary authority in any other jurisdiction?   ☐ Yes   ☒ No

*If yes, on a separate page specify the jurisdiction, caption of the proceedings, the terms of the probation, and what findings were made. Attach copies of all related documents.*

k.    Has the applicant ever been held formally in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to the court's rules or orders?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the court before which such proceedings were conducted, the date of the contempt order or sanction, the caption of the proceedings, and the substance of the court's rulings. Attach to this application a copy of the written order or a transcript of the oral ruling and other related documents.*

l.    Has the applicant filed an application to appear pro hac vice in this state within the preceding two years?   ☒ Yes   ☐ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

> *If yes, on a separate page list the name and address of each court or agency and a full identification of each proceeding in which an application was filed, including the date and outcome of the application.  Attach copies of all related documents.*    See Exhibit B Attached

m.  The applicant acknowledges familiarity with the rules of professional conduct, the disciplinary procedures of this state, the standards for professional conduct, the applicable local rules, and the procedures of the court before which the applicant seeks to practice.  ☒ Yes  ☐ No

n.  List the name, address, telephone number, email address, and personal identification number of an in-state lawyer in good standing of the bar of this state who will sponsor the applicant's pro hac vice request.

| Thomas P. Frerichs | AT00002705 | tfrerichs@frerichslaw.com | |
|---|---|---|---|
| *Lawyer's name* | *PIN* | *Email address* | |
| 106 E. 4th Street, P.O. Box 328 | Waterloo | IA | 50704 |
| *Lawyer's address* | *City* | *State* | *ZIP code* |

o.  The applicant acknowledges that service upon the in-state attorney in all matters connected with the proceedings will have the same effect as if personally made upon the applicant.  ☒ Yes  ☐ No

p.  If the applicant has appeared pro hac vice in this state in five proceedings within the preceding two years, the applicant must, on a separate attached page, provide a statement showing good cause why the applicant should be admitted in the present proceeding.

q.  On a separate attached page the applicant must provide any other information the applicant deems necessary to support the application for admission pro hac vice.

r.  Has the applicant registered with the office of professional regulation and paid the fee as required by Iowa Court Rule 31.14(11) within five years of the date of this application?  ☒ Yes  ☐ No

**Lawyer's Oath and Signature and Certificate of Service on next page**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

## 2. Oath and Signature

I, <u>G. Bryan Ulmer, III</u>, have read this Application, and I certify under
    *Print your name*

penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is
true and correct.

| | | |
|---|---|---|
| <u>May 26</u> , 20<u>22</u> | *Your signature* | |
| Signed on:  *Month*  *Day*  *Year* | | |
| P.O. Box 548 | Jackson | WY  83001 |
| *Mailing address* | *City* | *State*  *ZIP code* |
| ( 307 ) 733-7290 | ulmer@spencelawyers.com | batchelder@spencelawyers.com |
| *Telephone number* | *Email address* | *Additional email address, if applicable* |

* *If filing in paper, you must handwrite your signature on this form. If filing electronically, you may handwrite your signature on the form, scan the form, and then file it electronically, or, you may affix a digitized signature and file the form electronically.*

## Certificate of Service

The undersigned certifies a copy of this application was served on the following parties:

on the _____ day of _____ , 20<u>22</u>
                         *Month*         *Year*

by ☒ Personal delivery    ☐ Deposit in the U.S. mail

_____
*Signature of server*

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| **WILSON ANN ADMINISTRATOR OF**<br>**ESTATE OF FELICIE JOSEPH**<br>        **Plaintiff(s),**<br><br>**VS**<br><br>**STEPHEN R STOUFFER**<br>**JOHN H TYSON**<br>**DEAN BANKS**<br>**TYSON FOODS INC**<br>**DOUG WHITE**<br>**MARY JONES**<br>**DEBRA ADAMS**<br>**JAMES HOOK**<br>**CODY BRUSTKERN**<br>**TOM BROWER**<br>**TOM HART**<br>**TYSON FRESH MEATS INC**<br>**JOHN CASEY**<br>**BRET TAPKEN**<br>**NOEL W WHITE**<br><br>        **Defendant(s),** | **Case No. 01071  LACV145094**<br><br>**ORDER ON APPLICATION**<br>**FOR ADMISSION PRO HAC VICE** |

On this day, the Court is presented with the Application for Admission Pro Hac Vice filed by Attorney G. Gryan Ulmer, III of the law firm The Spencer Law Firm of Jackson , Wyoming.

The Application states that Attorney G. Gryan Ulmer, III is sponsored by Thomas P Frerichs, an attorney in good standing of the bar of this state.

No resistance has been filed.

Upon review, the Court finds:

The application should be granted. IT IS HEREBY ORDERED that the Application for Admission Pro Hac Vice is GRANTED. Attorney G. Gryan Ulmer, III is hereby admitted to practice law in the State of Iowa for the limited purpose of representing the Plaintiff(s).

<u>Clerk to provide copies to:</u>
Counsel of Record
Unrepresented Parties



State of Iowa Courts

**Case Number**      **Case Title**
LACV145094          ANN WILSON ET AL VS TYSON FOODS INC ET AL
**Type:**               OTHER ORDER

So Ordered



Joel Dalrymple, District Court Judge,
First Judicial District of Iowa

Electronically signed on 2022-06-06 16:07:43

# CLERK OF DISTRICT COURT

BLACK HAWK COUNTY COURTHOUSE
316 EAST 5TH ST
WATERLOO IA 50703
(319) 833-3331

## Notice to Attorney Admitted Pro Hac Vice

As indicated in the attached notice, this case is in electronic format. As an attorney admitted pro hac vice on the case, you need to follow some special steps to register for e-filing.

When you register, select the Pro Hac Vice option under User Role. On the page where you enter your User Account information, enter the information according to the instructions, with the special exception that you enter the PHV PIN we have assigned to you in the ICIS ID field. Complete your account registration.

**Chapter 16 Rules and eFiling training documents are available at:**
http://www.iowacourts.gov/eFiling/Training_Documents/

Failure to register means you will not receive electronic service on this case.

**Your uniquely assigned pro hac vice pin is: PHV002972**

**Name: G BRYAN ULMER III**

**Case: 01071  LACV145094**

# IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

Case No.: 01071  LACV145094

## Notice of Electronic Filing Requirement

YOU ARE HEREBY NOTIFIED THAT YOU ARE ATTEMPTING TO FILE IN A COUNTY THAT UTILIZES ELECTRONIC FILING.  YOUR PAPER FILINGS ARE BEING RETURNED TO YOU AND HAVE NOT BEEN ACCEPTED AT THIS OFFICE.

You are required to register through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/EFile/ and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving notification of filings, court rulings and events.  REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM (EDMS).  For court rules on the protection of personal information in court filings, refer to Division VI of Iowa Court Rules Chapter 16.

ELECTRONIC FILING IS MANDATORY:

Electronic filing of new court cases and filings in cases that have been converted to electronic is mandatory in counties where the EDMS has been implemented, unless otherwise required or authorized by the Chapter16: Rules Pertaining to the Use of the Electronic Document Management System.

YOU MUST REGISTER TO USE EDMS:

Registration is required before you can use the EDMS.  You are required to have a current e-mail account for use with EDMS.  When you have completed your registration and received you login (username) and password, you can begin filing and receiving documents immediately.  Your registration constitutes your request for, and consent to, electronic service of court-generated documents and documents filed electronically by other parties.

EXCEPTIONS:

For good cause, the court, or clerk if no judge is available, may authorize a filer to submit a document in paper. Upon showing of exceptional circumstances, the chief judge of the district in which a case is pending may grant you an exemption from registering and filing electronically.

READ CHAPTER 16: RULES PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM (EDMS), available on the Iowa Judicial Branch Filer's Interface at https://www.iowacourts.state.ia.us/EFile/, before you register for or use the Electronic Document Management System.